CASE 81—INDICTMENT—DECEMBER 20, 1883.

# Richey v. The Commonwealth.

APPEAL FROM BARREN CIRCUIT COURT.

1. The indictment properly alleges the date of the false swearing, which is the offense charged.

2. The allegation as to the difficulty between appellant and Chenault was material only so far as to identify it as the difficulty in reference to which appellant swore when being examined, and the averment of an impossible date does not invalidate the indictment.

3. In an indictment for false swearing it is not necessary, as in an indictment for perjury, to aver that the evidence given was material to the issue tried. It is only necessary to allege that the testimony was given upon a subject in reference to which the party could legally be sworn as a witness.

CARR & BULLOCK FOR APPELLANT.

We insist that the indictment is insufficient, because it does not charge that the testimony alleged to be false was material to the issue then being tried.

The verdict of the jury was against the evidence.

The instruction of the court was error. (Gen. Stats., chap. 29, art. 8, sec. 2; Greenleaf Ev., sec. 189; Whart. Crim. Law, sec. 577.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

The indictment would be good if an impossible date, or no date, had been charged as to the difficulty with Chenault. The date is not material.

Richey v. The Commonwealth.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

On a charge of false swearing there was a conviction and sentence in this case of confinement in the penitentiary for one year.

The principal complaint on the appeal is that the indictment, is defective.

It is charged in the indictment that at the March term of the Barren circuit court, 1883, in the investigation as to a difficulty between appellant and one Chenault, which is alleged to have taken place in *December*, 1883, appellant having been sworn by the foreman of the grand jury, duly organized and having jurisdiction to make the investigation, he wilfully, falsely and corruptly swore that he had not a pistol at the time of the difficulty. The main objection relied upon is that the date of the difficulty is alleged to have been subsequent to the alleged offense of false swearing, and subsequent to the finding of the indictment. It is insisted that this indictment would not be a bar to a subsequent indictment and prosecution. The indictment properly alleges the date of the false swearing, which is the offense for which he was tried, and that date, under the Code, was unnecessary to be alleged. The allegation as to the date of the difficulty was material only so far as to identify it as the difficulty in reference to which appellant swore when being examined, and the allegation of an impossible date does not invalidate the indictment, since the place of the difficulty and the name of the person with whom it was had are fully set forth in the indictment.

In an indictment for false swearing it is not necessary, as in an indictment for perjury, to allege that the evidence given is material to the issue being tried. It is only necessary to allege facts showing that the testimony was given on

Richey v. The Commonwealth.

a subject in reference to which he could legally be sworn, and that the oath was administered by one authorized by law to administer an oath.

We see no objections to the instructions. We can not consider the weight of the evidence. It is sufficient that there is some evidence tending to establish guilt.

Judgment affirmed.