CASE 78—INDICTMENT—JANUARY 21.

# Stricklin v. Commonwealth.

APPEAL FROM WOLFE CIRCUIT COURT.

1. ACCESSORY INDICTED FOR MURDER.—An indictment in which the offense charged is murder is good, although the particular circumstances of the offense, as set forth therein, constitute an accessory before the fact, and not a principal.

2. EVIDENCE.—Upon the trial of appellant for the murder of her husband, as an accessory before the fact, the court did not err in admitting as evidence letters written for the accused, and at her request, to the man charged with the murder of her husband as

Stricklin v. Commonwealth.

principal, the letters revealing a guilty love for the man, and, therefore, furnishing a motive for the act.

A. DUVALL FOR APPELLANT.

1. The facts alleged in the indictment do not sustain the charge of murder. They render the defendant liable simply as an accessory before the fact. (Able v. Commonwealth, 5 Bush, 698.)

2. It was error to admit in evidence against the defendant letters written by another upon the statement of the writer that they were written with the knowledge of the defendant.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant was tried, convicted and sentenced to the penitentiary for life under the following indictment:

"The grand jury of Wolfe county accuse Elizabeth Stricklin of the offense of murder, committed as follows: The said Elizabeth Stricklin, in the county aforesaid, on the 29th day of April, 1885, did feloniously, willfully and with malice aforethought, kill and murder Payton Stricklin, by confederating and conspiring with Floyd Williams, and aiding and abetting, counseling him, the said Williams, to kill and murder the said Payton Stricklin, and that in pursuance to said conspiracy confederation, did counsel and advise, the said Floyd Williams did, feloniously and with malice aforethought, thereafter kill and murder the said Payton Stricklin by shooting him with guns and pistols, loaded with powder and balls, or other hard and combustible substances, the said Elizabeth Stricklin being accessory thereto, and aiding, abetting, counseling, assisting therein as aforesaid, etc."

One of the grounds relied on for reversal is, that appellant is improperly charged with the offense of murder, and on that account the demurrer to the indictment ought to have been sustained.

The indictment is inartificially drawn, but the facts stated, if true, constitute appellant an accessory before the fact, and we think she was, therefore, in legal contemplation, guilty of murder, if guilty at all.

Bishop on Criminal Law, volume 1, section 631–2, correctly says:

"Since an act by an agent has in law the effect of a personal act, if one employs another to do a criminal thing for him he is guilty of the same as though he had done it himself. By this sort of reasoning we reach the conclusion that every person whose corrupt intent contributes to a criminal act in a degree for the law's notice is in law guilty of the whole crime."

And as said in section 673: "The distinction between such accessory (before the fact) and a principal rests solely on authority, being without foundation either in natural reason or the ordinary doctrines of the law. The general rule of law is, that what one does through another's agency is to be regarded as done by himself."

The Criminal Code keeps up and clearly defines the distinction between the offense to be charged in an indictment and the particular circumstances of the offense charged. In the commission of the offense of murder there may be an accessory before the fact as well as a principal; but both are in law guilty of the offense, and by our statutes their punishment is made the same. But whether the person charged with the offense of murder be guilty as principal or accessory depends upon the particular circumstances,

of the offense charged, that is, whether he, being present, actually committed or aided and assisted in committing the homicide, or not being present with a felonious intent, incited, procured or advised it.

It was not, therefore, a departure from the rules of pleading prescribed by the Criminal Code to denominate the offense with which appellant was charged in the indictment as murder. For if she, being an accessory before the fact to the murder of her husband, was not guilty of that offense, she was not in the eye of the law guilty of, nor could she be charged with, any specific crime denounced by the statute.

Counsel calls our attention to the case of Able v. Commonwealth, 5 Bush, 698, where the accused was indicted, tried and convicted as principal in stealing and carrying away money, when the evidence clearly showed him to be guilty as accessory before the fact.

We do not understand this court to have reversed the judgment of conviction in that case upon the ground that the defendant was charged with the offense of larceny, but rather because the particular circumstances of the offense as stated in the indictment made him a principal, when the evidence clearly showed he was an accessory and not a principal.

The Criminal Code requires that the indictment must contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, and with

such reasonable degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case.

We think the circumstances are in this case stated in the indictment in such manner as to enable a person of common understanding to know that it was intended to charge appellant as accessory to the murder; for it is in substance stated that she feloniously counseled and advised Floyd Williams to murder Payton Stricklin, and that he did in pursuance thereof commit the murder, and it is in terms stated she was accessory thereto.

We do not think the court erred in admitting as evidence the letters written for appellant, and at her request, by the sister of Floyd Williams, to him while he was confined in the jail of another county.

Appellant requested the letters written, assented to what was said in them, and adopted them as the expression of her feelings, and directed them to be sent to him. She did not write them herself, because she was illiterate, and did not cause her own signature to be put to them, because she did not wish it known she was in correspondence with him. The letters reveal a guilty love for Williams, and were competent evidence as to the motive he had in taking the life of her husband, and of her connection with the crime.

The instruction which counsel complains of is, like the indictment, awkwardly drawn, but we do not think the jury were misled by it, or that they could have understood it as directing them to convict upon

any other hypothesis than her guilt as an accessory before the fact; for they were, in substance, instructed not to find her guilty unless they believed the murder was committed, and that she feloniously aided, assisted or advised him to commit it.

Perceiving no error in this case to the prejudice of appellant's substantial rights, we must affirm the judgment.