CASE 110—INDICTMENT—SEPTEMBER 7.

## Commonwealth v. Davis.

APPEAL FROM GRAVES CIRCUIT COURT.

1. To CONVICT FOR FALSE SWEARING under the statute it is essential to
   allege in the indictment and prove on trial that the false oath was
   taken knowingly and willfully on a subject concerning which the
   party could be legally sworn, and before a person authorized to ad-
   minister the oath; and these two facts can be properly shown alone
   by the record of the proceeding in which the false oath is alleged to
   have been taken.

2. VARIANCE AS TO DATE.—In a prosecution for false swearing, the date
   of the commission of the offense is not material, and, therefore, a
   variance between the indictment and the record of the proceeding in
   which the false oath is alleged to have been taken as to the date
   of the trial of that proceeding does not render the record incompe-
   tent as evidence.

Commonwealth v. Davis.

WM. J. HENDRICK, Attorney-General, for appellant.

The lower court erred in not admitting the record of the bastardy proceeding. The fact that the date did not correspond with that stated in the indictment was immaterial. (Barnard v. Commonwealth, 94 Ky.)

JUDGE LEWIS delivered the opinion of the court.

Appellee Will Davis, having been indicted for the offense of false swearing, and under a peremptory instruction of the court found by verdict of the jury not guilty, the Commonwealth prosecutes this appeal.

The circumstances under which the alleged offense was committed are stated in the indictment, substantially as follows: That upon trial in the Graves County Court of the cause of the Commonwealth against appellee, on a warrant charging him with being father of a bastard child, he appeared as a witness on his own behalf, and being duly sworn as such, did willfully, falsely and feloniously state and give in evidence that he never at any time had sexual intercourse with Lelia Sawyer, mother of said bastard child; whereas, in truth, he had, before testifying, such intercourse with her. Upon trial of this case, the Commonwealth offered in evidence duly authenticated record of the proceeding in the bastardy case against appellee, showing the trial, verdict and judgment of the county court. But objection was made and sustained by the lower court to said record as evidence upon the ground that trial of the bastardy case appears therefrom to have been pending and determined September 19, 1892, whereas it is alleged in the indictment such trial was had October 1, 1892. The Commonwealth then offered to prove the same facts

by oral testimony, objection to which was made and sustained, because record evidence thereof was the best evidence. And as no other evidence was offered by the Commonwealth, verdict of not guilty necessarily followed.

To convict for false swearing under the statute it is essential to allege in the indictment and prove on trial that the false oath was taken knowingly and willfully on a subject concerning which the party could be legally sworn, and before a person authorized to administer the oath. (Commonwealth v. Powell, 2 Met., 10 ; Commonwealth v. Still, 83 Ky., 275 ; Richey v. Commonwealth, 81 Ky., 524.) These essential facts were all fully and sufficiently stated in the indict· ment. But it would not have been competent or available for the Commonwealth to prove the alleged false oath was knowingly and willfully taken, without first showing it was so taken on a subject concerning which appellee could be legally sworn, and before a person authorized to administer the oath. These two facts could be properly shown alone by the record, which the lower court rejected as evidence, and are fully shown thereby. And it seems to us it was error to sustain the objection made to the competency of that record as evidence, because whether trial of the bastardy case took place September 19, 1892, as appears therefrom, or October 1, 1892, as stated in the indictment, is not at all material, inasmuch as it appears from both that the alleged offense was committed before finding of the indictment.

The statement of facts was made in the indictment quite fully and explicitly enough to enable a

person of common understanding to know what particular offense was intended to be charged, and to enable the court, in case of conviction, to pronounce judgment that would bar another prosecution for the same offense.   And the Criminal Code does not require a charge to be made in an indictment more directly or with a greater degree of certainty than that.   We are utterly unable to see wherein the variance in date of the bastardy trial as stated in the indictment and shown by the rejected record could possibly defeat the right of the case, or prejudice that of appellee.   Moreover, it has been expressly held by this court in Richey v. Commonwealth, 81 Ky., 524, that in a prosecution for false swearing, date of commission of such effense need not be alleged at all in the indictment, because not material.

In our opinion, the lower court erred to the prejudice of the Commonwealth in sustaining objection to said record as evidence, and this opinion is directed to be certified.