## Dial v. Commonwealth.

(Decided February 2, 1911.)

### Appeal from Kenton Circuit Court (Criminal Division).

Felonies—Time of Commission—Trial— Indictment— Indeterminate Sentence Act—Trial Thereunder—Jurisdiction.—Defendant Dial was indicted for subornation of perjury, committed in 1909. The indeterminate sentence statute was passed in 1910. On the trial of defendant the circuit court did not leave to the jury the fixing of the penalty, but adjudged that he be confined at hard labor in the penitentiary from one to five years. Held, this was error. The jury must fix the penalty in this case. See Lee Stewart v. Commonwealth, 141 Ky. Reports 522, holding that the indeterminate statute applies only to prosecutions for offenses committed since that act became effective.

(No counsel for appellant.)

JAMES BREATHITT, Attorney General, and T. B. M'GREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellant was convicted of the crime of subornation of perjury. He is an attorney at law. It was charged that he corruptly procured one Frank Mitchell, alias J. W. Keys, to swear falsely as to certain material evidence as a witness in a suit for divorce between Fred Dorste and wife, lately pending in the Kenton Circuit court, in which appellant appeared as attorney for Dorste.

Mitchell, alias Keys, had been indicted for perjury in the same court and convicted, under his plea of guilty. Judgment was pronounced and entered upon the verdict. At the same term, and while the court had yet control over the judgment, upon the motion of the Commonwealth, concurred in by the accused in open court, the judgment against Mitchell alias Keys was set aside.

Appellant's case was tried before a special judge of the Kenton circuit court and a jury. While appellant's case was being tried, the regular judge of the court, who had presided at the trial of Mitchell, alias Keys, entered the order in his case setting aside the judgment.

Thereupon the said Mitchell was introduced as a witness against appellant. Without detailing his testimony, it is enough to say that he stated that his testimony in the divorce case was false, and that appellant procured him for pay to so testify knowing that he knew nothing about the facts deposed to.

Section 1173, Kentucky Statutes, prescribed a penalty for the crime of perjury; section 1174, Ib., for the crime of false swearing, and sections 1175 and 1176 relate to false swearing in corporation reports and before election boards. Section 1177, reads:

"If any person shall unlawfully and corruptly cause or procure another, by any means whatever, to commit the offense or offenses described in the four preceding sections he shall be guilty of subornation of perjury, and confined in the penitentiary for not less than one or more than five years."

Section 1180, Ibid., reads:

"If any person be convicted of any of the offenses described in the seven preceding sections, he shall ever afterwards be disqualified from giving evidence in any judicial proceeding, or from being a witness in any case whatever."

It is now the contention of appellant that the witness Mitchell, alias Keys, was disqualified to testify in this case because of his previous conviction of the crime of perjury.

The word conviction has a two-fold meaning. One is the determination of the fact of guilt, as by the verdict of a jury (Fanning v. State, 47 Ark. 422, 2 S. W. 70; People v. Rodigo, 69 Cal. 601; Bishop Stat. Cr. Sec. 348); or by confession (4 Bl. Com. 362; Ex Parte Brown, 68 Cal. 176). The other and the one in which it is employed in speaking of a state of infamy, denotes the final

judgment in the prosecution. (Com. v. Lockwood, 109 Mass. 323, 12 Am. Rep. 699; Com. v. Gorman, 99 Mass. 420; Quintard v. Knodder, 53 Conn. 485, 2 Atl. 752, 55 Am. Rep., 149; State v. Barnes, 24 Fla. 153; Francis v. Weaver, 76 Md. 457; Reg. v. Hawfalt, 33 Nova Scotia, 165; Com. v. Miller, 6 Pa. Sup. Ct. 35; Smith v. Com., 14 Serg. & R. 69; Faunee v. People, 51 Ill. 311; Ammidon v. Smith, 1 Wheat, 447; Nason v. Staples, 48 Me., 123.)

Greenleaf, Evidence (Sec. 375) lays it down, that:

"The mere verdict of the jury is not sufficient for this purpose; for it may be set aside, or the judgment may be arrested, on the motion for that purpose. It is the judgment, and that only, which is received as the legal and conclusive evidence of the party's guilt, for the purpose of rendering him incompetent to testify." (State v. Price, 100 S. W. 771 Texas.)

When, therefore, the judgment of conviction has been set aside by the court rendering it, when it had jurisdiction to do so, the verdict stands as if the judgment had not been rendered. The witness was not then disqualified when offered by the Commonwealth on this trial. The Kenton circuit court, the regular judge presiding, had jurisdiction to enter an order in Mitchell's case, although a special judge of the same court was at the same time sitting in another case. Nothing in the statute forbids the two judges from sitting at the same time in different cases.

There was abundance of corroborating circumstances and evidence to justify the submission of this case to the jury. It is scarcely to be expected that in such a transaction the parties would call a witness to it, or reduce it to writing. Hence corroboration must generally be from circumstances.

The offense charged against appellant was committed in 1909. The indeterminate sentence statute was passed in 1910. The circuit court did not leave to the jury the fixing of the penalty, but adjudged that he be confined at hard labor in the State penitentiary from one to five years. This was error, as held in Stewart v. Commonwealth, decided at this term (141 Ky. 522). The jury must fix the penalty in this case. But, it is insisted by appellant that as the statute which allowed the jury to fix the penalty is now repealed, therefore there is not any tribunal to apply it, and he must go free. Not so. Section 465, Kentucky Statutes, expressly saves such case, and preserves the old statute as to its penalty for offenses committed under it.

The judgment is reversed for the error indicated, and cause remanded for a new trial under proceedings not inconsistent herewith.