## Coleman v. Commonwealth.

(Decided April 28, 1925.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Denial of Continuance on Ground that Defendant had been Misinformed as to Date of Alleged Offense Held Error.— In prosecution for crime of detention, where Commonwealth's attorney in opening statement fixed date of alleged offense as the ——— day of May, 1924, it was error to deny continuance on ground that prosecutrix and her mother, pursuant to direction of court, had prior to trial fixed date as October, 1923, and defendant was unprepared to defend charge on date named.

2. Criminal Law—Instruction Limiting Jury's Consideration of Testimony as to Extraneous Offense Held Insufficient.—Though evidence of other acts of familiarity, including similar offenses, is generally admissible in corroboration and to show intent and motive, court should admonish jury as to purpose of testimony and extent to which it may be considered, and instruction on trial for detention which applied only to testimony of minor witness, rather than to all evidence as to prior occurrence, was insufficient.

3. Witnesses—Cross-Examination of Prosecutrix and her Mother as to Criminal Charges Against Another and as to Civil Actions for Damages for Like Offenses Held Admissible.—In prosecution for detention, cross-examination of prosecutrix and her mother as to prior criminal charge against another than defendant for like offense and as to civil actions against such person and against defendant for damages held admissible to affect their credibility.

4. Criminal Law—Exclusion of Petitions in Civil Actions by Prosecutrix Against Defendant and Another for Damages Held Error.— In prosecution for crime of detention, where clerk of circuit court

was permitted to testify as to style and amounts of civil actions for damages by prosecutrix against defendant and another, it was error to exclude petitions in such suits.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

John Coleman was convicted of the statutory crime of detention and his punishment fixed at two years in the penitentiary. On this appeal several grounds are urged for reversal.

The prosecuting witness testifies that in May, 1924, in the absence of her father and mother, the defendant came to her home near the railroad in the city of Pikeville. She is seventeen years of age and there were present her four brothers and sisters, aged eleven, eight, four and two respectively. The defendant gave twenty-five cents each to the older children and sent them to town to buy some candy. She heard him coming in and walked to the door to see who it was; he slapped her on the arm and she stepped back from the door and started to go into another room; that he asked, "What's the matter?" She did not answer him. After that he came through the house and shut the door, patted himself on the breast, walked to the window, turned around, grabbed and embraced her, raised her dress and pressed her against the wall, no sexual act being accomplished or further attempted. She also detailed a similar offense as having taken place in October previous while they were living at a point beyond the river.

Both occurrences were denied by the defendant, who states that the family of prosecuting witness had formerly lived near his residence at Fordsville, and that he was well acquainted with them; that he called on the family on business two or three times after their removal to Pikeville; was familiar with them and that the children frequently asked him for money to buy candy, which he gave them; he intimates that there was a degree of intimacy between him and the mother of the prosecuting witness, who also testified very strongly in this case; admits that he was at the residence one time when the parents were absent; that all the children were

present at the time; that the prosecuting witness sent the other children to buy groceries and he gave them some money with which to buy candy, but offered her no indignity of any kind; she also admits she sent the children for groceries.

Before the case was called for trial defendant moved the court to require the Commonwealth to furnish a bill of particulars fixing the date of the alleged offense. The court overruled this motion but directed the prosecuting witness and her mother to inform him of the date. They did inform him, fixing the date in October, 1923.

In his opening statement the Commonwealth's attorney fixed the date of the crime on the — day of May, 1924, whereupon the defendant moved for a continuance and filed his affidavit stating the information given him by the prosecuting witness and that he was taken by surprise at the change of dates and not prepared to defend a charge on the last named date. The motion was overruled and exceptions taken.

When the court required the prosecuting witness to fix the date of the alleged crime the defendant was authorized to rely on such information, and it was error to require him to respond to a charge fixing another without giving him an opportunity to prepare his defense for that time.

However, as the case must be reversed for other reasons and this question will not arise again, it is not necessary to determine whether this error was prejudicial.

At the conclusion of the evidence of Easter, the eleven-year-old sister of the prosecuting witness, the defendant moved the court to exclude from the jury all evidence as to the occurrence in October, 1923, and the court admonished the jury thus:

"The court being advised, admonishes the jury to only consider the testimony of this witness in so far as it goes to corroborate her testimony with reference to what happened across the river in May, if it does corroborate it." To which exceptions were taken.

Generally speaking, in cases involving sexual crimes it is permissible to show acts of familiarity, including similar offenses between the same parties in corroboration and to show the intent and motive of the defendant.

But in all such cases it is the duty of the court to admonish the jury as to the purpose of its admission and the extent to which it may be considered. This was not done in this case, the language quoted being applied only to the evidence of a minor witness, whereas it should have been clear and direct as to all of the evidence introduced on that point.

It also appeared that the prosecuting witness and her mother were witnesses before the grand jury at the January, 1924, term of court at which an indictment was returned against George Rice, a conductor on the C. & O. R. R., charging him with the statutory offense of detaining the prosecuting witness on a railroad train in October previous. It further appears that the prosecuting witness by her next friend sued Rice and the C. & O. R. R. Co. for $10,000.00 for that assault and has since compromised that action with the railroad company for $300.00, and that she had also brought a common law action against this defendant in which she was seeking to recover $5,000.00 in damages for the assault, her attorney being the same in all cases.

On cross-examination she was asked in reference to these various cases and as to appearing before the grand jury in January, and objections were sustained to those questions. This evidence was competent as showing the interest and bias of the witness; also it was competent to show that she appeared before the grand jury in January, 1924, at which time the indictment was returned against Rice, and apparently no reference was made to the defendant in this case. Such facts are circumstances affecting her credibility and might have some weight with the jury on the question of the alleged assault in October, 1925. Both she and her mother have been required to answer the questions asked on cross-examination. As to these matters the circuit clerk was introduced as a witness and permitted to state the style of and amounts of the suits mentioned. He should have been permitted to have introduced the petitions in evidence as asked by defendant.

For the reasons indicated the judgment is reversed, and cause is remanded for proceedings consistent with this opinion.