## Conn v. Commonwealth.

(Decided May 2, 1930.)

JOHN M. THEOBALD for appellant.

J. W. CAMMACK, Attorney General, and SAM B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The appellant, Andrew Conn, was indicted by the grand jury of Carter county and accused of committing the offense of subornation of perjury, which is denounced by section 1177 of Carroll's Kentucky Statutes. At his trial under a plea of not guilty he was convicted and punished by confinement for one year in the state penitentiary. His motion for a new trial was overruled, and he prosecutes this appeal. Before discussing the merits, it will be necessary at this point to state in a general way the facts upon which the prosecution was based.

Cegar Conn, a son of appellant, was indicted by the grand jury of the same county charged with shooting at Walker Ross. On his trial he introduced as a witness in his behalf one Andrew Stevens, who testified to a state of facts which, if true, tended to establish the innocence of Cegar Conn, the defendant in that indictment. Later, Stevens was indicted for giving false testimony at that trial, and to the indictment he entered a plea of guilty and was convicted and sentenced to a term in the penitentiary. Following that, the present appellant, Andrew Conn, was indicted for suborning Stevens to testify falsely at the trial of the indictment of Cegar Conn, the son of appellant.

The motion for a new trial contained many grounds as alleged errors sufficient, according to counsel, to authorize a reversal of the judgment, but we have carefully considered each of them and have unhesitatingly reached the conclusion that all of them are extremely technical, frivolous, and without merit, except three, and which are: (1) Error of the court in overruling defendant's demurrer to the indictment; (2) the admission of incompetent testimony offered by the commonwealth over defendant's objection; and (3) failure of the court

to properly instruct the jury, each of which will be considered and determined in the order named.

■ Counsel argues in support of ground 1 a multiplicity of alleged defects in the indictment, but they are of the same tenor and weight as the discarded errors above contained in the motion for a new trial, i. e., they are technical and without materiality and merit, except one, which is, that the indictment nowhere averred that Andrew Stevens, either knowingly or wilfully, perjured himself or committed the offense of false swearing in his testimony at the trial of the indictment against Cegar Conn. It cannot be successfully denied that such an averment would have been necessary in an indictment against Stevens for making the false oath, since no offense is committed unless the false testimony is willfully and knowingly given. Under the law, howsoever false one's testimony might be, yet he has not committed the odious offense of stultifying his conscience in giving such false testimony, unless he at the time knew it was false and wilfully or corruptly gave it. The authorities to that effect are uniform and without exception. 48 C. J. p. 828, sec. 23, page 884, sec. 135; Commonwealth v. Davis, 94 Ky. 612, 23 S. W. 218, 15 Ky. Law Rep. 262; Johnson v. Featherstone, 141 Ky. 793, 133 S. W. 753, and cases cited in those opinions. The last reference, supra, to Corpus Juris also states the prevailing rule to be that it is not absolutely essential that the word "willfully" should be incorporated in the indictment and that the words "knowingly" or "corruptly," or other similar descriptive words, clearly expressive of the necessary scienter of the accused, would be sufficient to comply with this requirement.

The law seems to be equally well settled that in an indictment for subornation of perjury the same requirement is essential in alleging the falsity of the testimony of the one whom defendant is charged with suborning, since it is necessary for such person to have committed the offense of perjury or false swearing before the suborner is guilty of procuring him to do so. That being true, the averments, with reference to the suborned in an indictment against one who procured and persuaded him to make the false oath, should be equally positive and clear on the question of the knowledge, intent, and purpose of the one who was suborned. 48 C. J. 914, par. 199, and 21 R. C. L. pp. 276, 277, secs. 21 and 22. The text in

the cited volume of C. J. says: "In general the indictment or information should contain the averments required in an indictment or information for perjury, including averments of the essential elements of perjury. In applying this rule it has been held or stated that the indictment or information should set forth, show, or describe the facts . . . that the person who committed the perjury did knowingly and willfully swear or testify falsely." The text in the cited volume of R. C. L. states the rule in substantially the same terms and then adds: "If, therefore, the party charged with subornation knew that the testimony of the witness would be false, but did not know that the witness would willfully testify to a fact knowing it to be false, he cannot be convicted of the crime charged." The indictment in this case nowhere averred that the suborned witness, Andrew Stevens, knew that his alleged false testimony given at the trial of Cegar Conn was false, or that he corruptly or willfully so testified at that trial. It does allege that such testimony was false, but, under the cited authorities, it was necessary for the pleader to go further and to aver in substance that the witness knew that it was false and that he corruptly gave it. Therefore, it follows that this ground was and is meritorious in the one respect mentioned and for which reason the demurrer to the indictment should have been sustained.

■ The only incompetent testimony complained of under this ground, and which we deem of sufficient materiality to discuss, was, (a) proven statements and admissions made by Stevens before his trial under the indictment against him showing that the appellant, Andrew Conn, had induced him to agree to testify falsely at the trial of Cegar Conn; and (b) the testimony of the circuit clerk showing that the suborned, Andrew Stevens, at the trial of the indictment for false swearing against him, entered a plea of guilty, and each of which will be considered in the order named.

Under the rule as adopted and applied by us in the recent cases of Crenshaw v. Commonwealth, 227 Ky. 223, 12 S. W. (2d) 336, Ray v. Commonwealth, 230 Ky. 656, 20 S. W. (2d) 484, and Keller v. Commonwealth, 230 Ky. 816, 20 S. W. (2d) 998, and other cases mentioned in those opinions, it is and was competent for the commonwealth to prove the existence of a conspiracy between the suborned and the suborner for the purpose of procuring the former to give false testimony, without a specific

charge of conspiracy in the indictment, since the conspiracy is no more than a means by which the principal fact is accomplished. Following that rule the alleged statements and admissions of Stevens, made by him before he gave his false testimony at the trial of Cegar Conn, were clearly admissible if the conspiracy had been formed at that time, and before its purpose had not been fulfilled, but any such guilty statements against appellant that Stevens might make after giving his false testimony in that trial would not be competent against defendant herein under the well-known and universally applied rule on the subject. Since the statements complained of under subdivision (b) appear to have been made before the trial of Cegar Conn they were admissible against appellant, if a conspiracy existed between him and Stevens at the time they were made by the latter, and under the opinion in the Crenshaw case and, perhaps, some of the others cited, the court should have submitted to the jury the issue as to whether or not such conspiracy existed at that time, and, if so, that the statements and admissions of Stevens were competent against appellant and should be considered by the jury. The court gave no such instruction in this case, but such failure does not come under this ground, but under ground 3, supra, hereinafter to be considered. It results, therefore, that the court did not err in admitting the evidence complained of in this subdivision (a).

The plea of guilty entered by Stevens to the indictment against him and complained of in subdivision (b) was a confession made by him after he gave his false testimony and was clearly inadmissible even though a conspiracy, as discussed in subdivision (a) of this ground, was found to exist by the jury, under the proper instruction as hereinbefore pointed out. It bore directly and vitally upon the issue essential to the conviction of the appellant herein, since its only purpose was to show and prove that Stevens *did* corruptly and purposely commit perjury or false swearing in giving his testimony at the trial of Cegar Conn, and which we have hereinbefore seen was necessary, not only to be alleged but to be proven in order to sustain a conviction of the appellant on the charge of suborning Stevens to so testify. We have searched the authorities in vain to find any authority or any ground upon which the admission of that testimony could be held as competent. If Stevens was ever a coconspirator with appellant, such relationship ceased

when the object of the conspiracy was accomplished, and his entered plea of guilty was no act that could be construed into aiding and abetting appellant to procure him (Stevens) to commit perjury. In other words, it was a purely hearsay statement as it affected appellant, since no fact imputing any guilt to appellant was involved in the trial of the indictment to which the plea of guilty was entered. Appellant, as we have seen, was and is vitally interested in the determination of the fact of the falsity or truthfulness of the testimony of Stevens given by him at the trial of Cegar Conn, and he had the right to be faced with and to cross-examine any and all witnesses who made statements or gave testimony bearing upon that issue. To admit the solemn confession of Stevens made of record in support of the falsity of his testimony, and which appellant is here charged with suborning, would not only deprive him of the above-mentioned rights, but was calculated to have a most impressive effect upon the jury in passing upon that essential issue, and, for that reason, it was most prejudicial.

However, we find no objection to that testimony either at the time it was given, nor through any motion to exclude it. There was a motion to exclude the statements and admissions of Stevens hereinbefore discussed in considering subdivision (a) of ground 2, but that motion did not include the testimony of the circuit clerk who testified to the entry of the plea of guilty complained of, and because its competency was not raised at the trial it cannot be made available on this appeal. We, therefore, conclude that ground 2 as presented in the present record would not authorize a reversal of the judgment.

■ In support of ground 3 it is insisted that Stevens and appellant were accomplices in the crime of perjury or false swearing for which the former was indicted and convicted, and, that being true, the court should have instructed the jury under sections 241 and 242 of the Criminal Code of Practice with reference to the necessary corroboration of an accomplice; but the trouble with that argument is that in the comparatively recent case of Solomon v. Commonwealth, 208 Ky. 184, 270 S. W. 780, we held that an accomplice, within the purview and purpose of those two sections and whose testimony should be corroborated, was one who could be convicted of the same crime charged against *his* accomplice. The question involved in that case was whether a receiver of stolen

property, knowing it to have been stolen, was an accomplice with the person who stole it, and, as pointed out in the course of the opinion, it was held that the two offenses are distinct, and that the guilty parties in each distinct offense are not accomplices with each other within the meaning and purview of the sections of the Criminal Code now under consideration, and that it was not error to follow their provisions at the trial of the case, which was an indictment against the one who stole the goods. Corpus Juris and Ruling Case Law supra, clearly point out that the offense of subornation of perjury, mentioned and provided against by section 1177 of our present statutes, is a separate and distinct offense from perjury or false swearing, and we so held in the case of Henderson v. Commonwealth, 122 Ky. 296, 91 S. W. 1141, 28 Ky. Law Rep. 1212. See, also, volume of Corpus Juris, supra, page 911, sec. 190. It is clear and needs no argument for its support that, under the facts appearing in this case, appellant could not have been convicted of the crime for which Stevens was charged in the indictment found against him, and under which he was convicted; nor could Stevens be convicted of suborning himself if he had been jointly indicted with appellant herein, and which the text authorities, supra, so hold. Therefore, neither of them was such an accomplice with the other as to call for the application of the rule of practice set forth in sections 241 and 242 of the Criminal Code and this contention, or argument, in support of ground 3, must be, and it is, denied. However, the court should, with reference to receiving and considering the proven statements and admissions of Stevens as discussed in subdivision (a) of ground 1, supra, have instructed the jury as hereinbefore pointed out, and, to the extent that it failed to do so, this ground must also be sustained.

Wherefore, for the two reasons that the indictment was insufficient in the one particular mentioned, and the failure of the court to instruct the jury as indicated, the judgment is reversed, with directions to sustain the motion for a new trial and to set it aside, and for proceedings consistent with this opinion.