# Baugh v. Commonwealth.

(Decided November 20, 1931.)

HUBERT MEREDITH for appellant.

J. W. CAMMACK, Attorney General, and ASA SAMUELS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Forest Baugh, was convicted in the Muhlenberg circuit court of the offense denounced in section 1214 in the 1930 edition of Carroll's Kentucky

Statutes—i. e., seducing a woman under 21 years of age under promise of marriage—and the verdict punished him by confinement in the penitentiary for one year. On this appeal his counsel argues as grounds for a reversal: (1) Incompetent evidence introduced by the commonwealth over defendant's objection; (2) insufficiency of the evidence to support the verdict and for which reason defendant's motion for a peremptory instruction of acquittal should have been sustained; and (3) error in overruling motion made by defendant's attorney to set aside the swearing of the jury and continue the case on the ground of alleged surprise—each of which will be disposed of in the order named.

■ Much of the evidence complained of under ground 1 was not objected to on the trial, and the greater portion of that which was objected to has been held by this court to be material and relevant upon the trial of such a charge. It appeared during the examination of Nellie Dukes, the wronged female, and to whom we will refer as the prosecutrix, that her parents were dead, and she was living with a married sister, but no objections were made to that testimony, and for that reason alone this alleged error cannot be considered on this appeal, even if the facts so testified to were both incompetent and prejudicial, and for which reason neither of those questions will be determined. It is also insisted in support of this ground (1) that error was committed by the commonwealth's attorney in his effort to show that the prosecutrix became pregnant as a result of the complained of conduct of defendant. But an examination of the transcript of the evidence reveals that this argument is entirely groundless.

In approaching that subject, the witness was asked: "Q. As a result of this intercourse—" The question was not finished by the interrogator because of an objection interposed by counsel for defendant, and the court allowed the question to be completed as the record says, "privately;" i. e., as we take it, out of the hearing of the jury, and as thus completed it was: "Q. As the result of this intercourse state whether or not you became pregnant? To which the court sustained an objection, and which is all that the record shows that transpired· with reference to that matter. It therefore requires no argument or citation of cases to demonstrate as we have already said, that this argument is without foundation to support it. The matters referred

to are the only specific ones argued in support of this ground, and it will at once appear that they are insufficient for that purpose.

◼ In the determination of ground 2, a brief synopsis of the evidence is necessary. The prosecutrix testified that she was induced to yield to defendant's importunities some time in December, 1928; that they had been sweethearts and companions for some two years or more prior to that time and had been engaged to be married for some two years before the alleged offense was committed. The trial was had on September 3, 1930, at which time prosecutrix testified that she was 20 years old, which would make her but slightly more than 18 years of age at the time of the seduction to which she testified, and about 16 or 17 years of age when defendant first began his associations with her. She testified, in substance, that it was because of the promise of marriage that she surrendered to defendant, and in stating that necessary fact the language employed by her in doing so was not objected to, nor was she cross-examined with the view of more specific development of that necessary element of the offense. If the details of that feature of the case were desired, counsel had the right to so conduct his cross-examination as to draw them out, but that course was not pursued, and we have been cited to no case, nor to any text authority holding that proof of such necessary element by generality of statement was insufficient to sustain a conviction. Indeed, the testimony in this case does not differ materially from that usually given by the wronged female in such prosecutions and in which convictions have been upheld. We therefore conclude that this ground was without merit.

◼ Ground 3 grows out of the charge in the indictment saying: "The said Forest Baugh heretofore, within one year before the finding of this indictment, to wit: On the —— day of ————, A. D. 192—," etc. The indictment was returned at the January, 1930, term of the Muhlenberg circuit court, and one year before that time would be in January, 1929. No bill of particulars was asked or given at the trial, but the prosecutrix stated in her testimony that she was first seduced by defendant in December, 1928, which was about thirteen months before the finding of the indictment, and the commonwealth elected to try defendant for that first act, and it was the only one submitted to the jury in the court's instructions. When that testimony was given, a motion

was made by defendant's attorney to set aside the swearing of the jury and continue the case because the indictment charged the offense to have been committed within twelve months before the finding of the indictment, and for which reason defendant was surprised and sought the continuance asked for, although at the beginning of the trial he announced ready.

Before considering the merits of this ground, we feel that something should be said with reference to the sufficiency of the application for the relief sought and which the court denied. The motion referred to was not supported by the affidavit of either the defendant or his attorney, and it was only the latter who subscribed it. The defendant himself and in person did not join in the motion, and, so far as the record discloses, there is nothing in it to show he was in any wise surprised. Neither was it manifested, even in the manner indicated, that defendant could meet the charge as laid by the prosecuting witness any more effectively if given time for that purpose than he was prepared to do upon his trial. No witness or other absent evidence to contradict the date of the commission of the crime as testified to by the prosecutrix, and which could be made available by a continuance, was mentioned or referred to, and because of which it was not made to appear that defendant would be prejudiced by not continuing the trial. If, however, such facts had appeared in the motion filed by counsel, it would not have met the requirement of the practice, since it is our conclusion that they should in some manner come from defendant himself, or be substantiated by his affidavit filed in support of the motion, and that the manifestation of such alleged surprise should not rest alone with counsel whose information must necessarily emanate from his client, who in this case remained silent on that occasion, as well as throughout the trial.

But, waiving that question of practice and coming to the merits of this ground, we are convinced that the court did not err in overruling the motion, since time is not a necessary element in this offense, except that it should appear in the indictment that it was committed within four years immediately preceding the finding of the indictment, which is the limitation for such prosecutions contained in the statute creating it. Therefore, when the indictment stated that it was committed within twelve months before the finding of the indictment, it brought the prosecution within the limitation of the

statute, and it was competent for the commonwealth to prove any date within that limitation period.

The only case referred to and relied on in support of the ground is that of Coleman v. Commonwealth, 208 Ky. 601, 271 S. W. 662, 663. But that case has no relevancy to the point at issue. At the trial of that case the commonwealth's attorney in his opening statement to the jury fixed a date different from the one that the prosecuting witness had given to defendant, and he then moved for a continuance of the case for that reason, which motion was overruled, and the opinion said that under such circumstances it would be error to require defendant to "respond to a charge fixing another (date) without giving him an opportunity to prepare his defense for that time." But, notwithstanding such error, the opinion immediately said, "However, as the case must be reversed for other reasons, and this question will not arise again, it is not necessary to determine whether this error was prejudicial," and the judgment was reversed for other and different reasons. It will at once be seen that the facts in that case are materially different from those in this one, and to such an extent as to render our opinion therein distinctly inapplicable to the question here presented. If, however, the defendant herein had taken the precaution to move for a bill of particulars and it had been granted, it could, perhaps, then be said that the commonwealth would be bound by the date fixed in the bill of particulars.

But no such motion was made in this case to focus the date upon which the commonwealth would rely and to which defendant might direct his defense. Here the date was left "at large," with the right of the commonwealth to prove any date within the limitation period for the prosecution, which in this case was four years immediately antedating the finding of the indictment. Section 129 of the Criminal Code of Practice provides that "the statement in the indictment, as to the time at which the offense was committed, is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense." It was a "material ingredient" in this case only so far as it was necessary to bring the prosecution within the limitation period of the statute, i. e., four years, and the inserted statement in the indictment served that purpose.

The question under consideration was before this court in the case of McCreary v. Commonwealth, 158 Ky. 612, 165 S. W. 981, 982, and, in disposing of it adversely to the contention now made by counsel, the opinion said: "In charging a felony, time is not material, for the commonwealth may prove the commission of the offense at any time prior to the finding of the indictment." The felony involved in that case was one that time never barred a prosecution for its commission, and the inserted language of the opinion was employed in view of that fact. But the principle is applicable to any prosecution though barred by a prescribed limitation, provided the indictment charges its commission within that limitation. If so done, it then becomes competent for the commonwealth to prove any date within the limitation period, and the fact that a definite date or an indefinite one within a specified period named in the indictment, will not preclude the commonwealth from proving the commission of the crime as occurring on any date within the statutory period of limitation for the prosecution. Other cases holding that the commonwealth is not confined to the date stated in the indictment, though specific, are Jones v. Commonwealth, 1 Bush, 34, 89 Am. Dec. 605; Commonwealth v. Miller, 79 Ky. 451; Williams v. Commonwealth, 18 S. W. 1024, 13 Ky. Law Rep. 893; Commonwealth v. Davis, 94 Ky. 612, 23 S. W. 218, 15 Ky. Law Rep. 262; Stricklin v. Commonwealth, 83 Ky. 566; May v. Commonwealth, 153 Ky. 141, 154 S. W. 1074. Those cases hold that even in misdemeanor prosecutions the commonwealth may prove the crime to have been committed on any day within the limitation period although a definite one is named in the indictment, and that in felony prosecutions the commission of the offence may be proved as happening on any day prior to the finding of the indictment, unless there is a statutory limitation for the prosecution of the particular crime, in which case the commonwealth may prove any day within such limitation period, notwithstanding a definite date is laid in the indictment. In view of the practice as so declared, it becomes at once apparent that this ground is without merit, even if the application for the continuance and the setting aside of the swearing of the jury had been duly and properly made, but which we hold was not true.

Finding no error prejudicial to defendant's substantial rights, the judgment is affirmed.