## Bradley v. Commonwealth.

(Decided Sept. 30, 1932.)

102

J. M. COLLINS for appellant.

BAILEY P. WOOTTON, Attorney General, and WILLIAM R. ATTKISSON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

Section 1177 of the Kentucky Statutes, Carroll's 1930 Edition, provides:

"If any person shall unlawfully and corruptly cause or procure another, by any means whatever, to commit the offense or offenses described in the four preceding sections, he shall be guilty of subornation of perjury, and confined in the penitentiary for not less than one nor more than five years."

Section 1174, which creates the offense of false swearing, is one of the four sections embraced within the terms of section 1177, and therefore any person who unlawfully and corruptly causes or procures another to commit the offense of false swearing, as defined by section 1174, is guilty of the offense which is denounced by section 1177 and which is denominated by that section as subornation of perjury. Henderson v. Commonwealth, 122 Ky. 296, 91 S. W. 1141, 28 Ky. Law Rep. 1212. The appellant was indicted and convicted of this offense of subornation of perjury and sentenced to serve two years in the penitentiary, it being alleged that he unlawfully and corruptly caused and procured one Lon Stowers to commit the offense of false swearing created by section 1174 of the Statutes.

The facts of the case are these: Lon Stowers, a resident of Griffithsville, Lincoln county, W. Va., in the early part of January, 1931, came to Maysville, Ky., and there secured work. He boarded with Ed Davis.

About a week after his arrival in Maysville, Stowers asked Davis to recommend to him a lawyer with whom he might confer about procuring a divorce. Davis took Stowers to the appellant, a practicing attorney of the Mason county bar. According to the proof introduced by the commonwealth, Stowers informed the appellant that his wife lived at Griffithsville, W. Va., and that he lived with her but from time to time would leave her and go away to work, but that always after very short intervals he would return to her home and live there; that on one of these wandering excursions he had been in Kentucky working up the Big Sandy river for about a month; and that he had been in Maysville about a week before he came to consult appellant. On this showing, appellant assured Stowers that he could get him a divorce all right, and so a petition was prepared which Stowers signed and swore to; the appellant taking the oath as a notary public. The ground for divorce relied upon was abandonment. As a basis for a warning order, Stowers averred that he did not know where his wife was or where she lived. The petition alleged, as the Code of Civil Practice (section 423) required, that Stowers was a resident of Kentucky and had been such for more than one year prior to the institution of the divorce action. After the petition had been filed, Stowers returned to his home in West Virginia. On February 28, 1931, appellant wrote Stowers a letter directed to Griffithsville, W. Va., in which appellant stated that he was now ready to take the proof in the divorce case and that he had given notice to the warning order attorney that proof would be taken on March 9, 1931. In this letter appellant said:

"So now be sure to come and bring two foxy fellows with you and we will sure get you a divorce."

Stowers tore this letter up and threw it in the manger in the barn, where his wife later found it, and this seems to have been the first she knew about the pendency of the divorce action. At all events, on March 9th Stowers showed up in Maysville with his "two foxy fellows."

Stowers testifies in substance that he was told by the appellant to make oath that he was a resident of Kentucky and had been such for more than one year prior to the filing of the petition, and in the deposition

which he gave in his divorce action on March 9th he so swore. His two witnesses also gave their depositions corroborating Stowers as to his residence and ground for divorce, but so far as this record shows, the testimony which they gave was without at least any direct instigation on the part of appellant. The stenographer who took these depositions became suspicious of the good faith of the witnesses and so informed the county attorney. In due course of time the divorce which Stowers was seeking was granted, but later it having been discovered that the divorce had been secured by false testimony, not only as to the residence of Stowers but also as to the grounds for the divorce, Stowers was indicted for the offense of false swearing. To this indictment Stowers, on his arraignment, pleaded guilty, but judgment had not been pronounced on his plea at the time appellant was tried and convicted. The materiality of this will appear shortly. Appellant was also indicted for the offense of subornation of perjury. In the indictment it was alleged that he had suborned and persuaded Stowers to swear falsely in his divorce case to the effect that he was a resident of Kentucky and had been such for more than a year prior to the filing of his suit for divorce; whereas, in truth, Stowers had been, as he and appellant then well knew, not a resident of Kentucky during. any of said time but a resident of Griffithsville, W. Va. The proof for the appellant is very meager. An attempt to discredit the testimony of Stowers, by showing that he had in jail made statements to the effect that he was going to throw the blame of this affair on appellant, proved abortive save as to one witness; the others who were brought in to establish such fact saying that nothing of the sort ever happened. Appellant also produced two women who claimed to have been present in appellant's law office the day Stowers first consulted him. They testified in a vague sort of way that Stowers then told appellant Bradley that he had been in Kentucky for more than a year. But even these witnesses said that Stowers told Bradley that he lived in West Virginia. This is about all the proof appellant had. It was abundantly established, not only by Stowers but by others, that he had never been a resident of Kentucky but had always been a resident of West Virginia, and it was also abundantly established, not only by Stowers but also by the stenographer who took his deposition, and by the record itself, that Stowers had

testified in his divorce action that he was a resident of Kentucky and had been such more than a year prior to the filing of his divorce action. However, the only person either for the commonwealth or for the defense who testified as to the procurement by appellant of Stowers to so testify was Stowers himself.

As grounds for reversal, appellant first insists that his demurrer to the indictment should have been sustained, in that it fails to allege the specific date on which it is claimed that Stowers swore falsely, although the indictment does fairly allege that the alleged false testimony of Stowers was given prior to the finding of this indictment. Section 134 of the Criminal Code of Practice prescribes the necessary allegations in an indictment for perjury or subornation of perjury as follows:

"In an indictment for perjury, or sobornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court and before whom the oath alleged to be false was taken, and that the court, or the person before whom it was taken, had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment need not set forth the pleadings, record or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed."

Section 129 of that Code (Criminal Code of Practice) prescribes:

"The statement in the indictment, as to the time at which the offense was committed, is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense."

In Commonwealth v. Davis, 94 Ky. 612, 23 S. W. 218, 15 Ky. Law Rep. 262, it was alleged in the indictment that the trial upon which it was claimed the accused swore falsely occurred on October 1, 1892. The authenticated record of that trial disclosed that it took place on September 19, 1892. Both dates were before that of the finding of the indictment. The trial court

excluded the evidence as to what transpired on September 19th, and in holding that action erroneous, we said:

> "It seems to us it was error to sustain the objection made to the competency of that record as evidence, because, whether trial of the bastardy case took place September 19, 1892, as appears therefrom, or October 1, 1892, as stated in the indictment, is not at all material, inasmuch as it appears from both that the alleged offense was committed before finding of the indictment. The statement of facts was made in the indictment quite fully and explicitly enough to enable a person of common understanding to know what particular offense was intended to be charged, and to enable the court, in case of conviction, to pronounce judgment that would bar another prosecution for the same offense; and the Criminal Code does not require a charge to be made in an indictment more directly or with a greater degree of certainty than that.

> "We are utterly unable to see wherein the variance in date of the bastardy trial as stated in the indictment, and shown by the rejected record, could possibly defeat the right of the case or prejudice that of appellee. Moreover, it has been expressly held by this court in Richey v. Com., 81 Ky. 524, that in a prosecution for false swearing date of commission of such offense need not be alleged at all in the indictment, because not material."

In the case of Richey v. Commonwealth, 81 Ky. 524, cited in the Davis Case supra, it was distinctly stated that it was unnecessary to allege in an indictment for false swearing the specific date of such false swearing. It follows, therefore, that there is no merit in this first contention of appellant.

It is next claimed that appellant's motion for a peremptory instruction should have been sustained, first because, as is argued, Stowers under the Civil Code of Practice (section 606) was not a competent witness in his divorce case, whence it follows that he could not have been required to testify in that case or be legally sworn, and therefore he was not guilty of the offense of false swearing as that offense is defined in

section 1174 of the Statutes. Without undertaking to discuss the soundness of this argument, we may content ourselves with pointing out that its corner stone is the proposition that Stowers was not a competent witness in his divorce case. Counsel has overlooked the 1930 amendment to section 606 of the Civil Code of Practice (Acts 1930, c. 21). By that amendment, either or both spouses may testify in divorce actions where the ground relied upon is any of those provided by section 2117 of the Kentucky Stautes. The ground in Stowers' divorce case which was filed in 1931 is one of those set out in that section 2117. It follows that Stowers was a competent witness in his divorce action.

The second ground advanced in support of appellant's contention that he was entitled to a peremptory instruction is that the evidence was insufficient to submit the case to the jury since there was only one witness to establish the fact of subornation. While it is true that in prosecution for perjury and false swearing the defendant cannot be convicted except on the testimony of two witnesses, or one witness and strong corroborating circumstances, the reason for that rule as set out in Greenleaf on Evidence, sec. 257, is this:

"In proof of the crime of perjury, also, it was formerly held that two witnesses were necessary because otherwise there would be nothing more than the oath of one man against another upon which the jury could not safely convict. * * * The same evidence being given to the oath of the prisoner as though it were the oath of a credible witness, the scale of the evidence is exactly balanced and the equilibrium must be destroyed by material and independent circumstances before the party can be convicted."

See, also, Stamper v. Commonwealth, 100 S. W. 286, 30 Ky. Law Rep. 992. However, the reason of the rule requiring two witnesses or one witness and strong corroborating testimony, where the accused is charged with perjury or false swearing, fails where the question involved is that of subornation, for there it is not the oath of the accused against the oath of the witness which is involved, but it is the oath of the witness as to what the accused did. No reason is perceived why any different rule should apply here from that which applies in any other case where it is sought to establish

what the accused did. We are of opinion then that the testimony of one witness to the fact of subornation can carry the case to the jury. This being true, we may also say here that it was unnecessary of course for the court to instruct that the subornation must be established by two witnesses or one witness and strong corroborating testimony.

It is next contended that Stowers was an incompetent witness on appellant's trial. Section 1180 of the Statutes provides that, if any person be *convicted* of either of the offenses described in the seven preceding sections (the offense of false swearing denounced by section 1174 being one of these seven preceding sections), he shall ever after be disqualified from giving evidence in any judicial proceeding or from being a witness in any case whatever. It will be recalled that at the time Stowers testified against appellant, although he had pleaded guilty to the indictment, judgment had not been entered yet on his plea. It is conceded that the case of Dial v. Commonwealth, 142 Ky. 32, 133 S. W. 976, holds that until the judgment of conviction is entered the person charged with false swearing is a competent witness in the courts of the commonwealth and that this case is conclusive of appellant's contention here. However, it is argued that the Dial Case is unsound in principle and should be overruled. We have reexamined that case with care and are not persuaded or convinced that its principle is unsound. We adhere to its reasoning and conclusions and see no reason to depart from it.

The judgment is affirmed.