**Alfred M. SHERRILL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 10, 1958.

Rehearing Denied March 6, 1959.

E. R. Gregory, Bowling Green, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

Appellant, Alfred M. Sherrill, was convicted of the crime of subornation of perjury. He was sentenced to three years in the penitentiary and is presently out on bond pending the outcome of this appeal.

While the instant case is of a criminal nature, its seeds were sown in a divorce action brought by Mrs. Sherrill against Sherrill in the spring of 1955. In that action, by depositions, E. J. Yarborough and O'Neal Ragland testified that a short time before Mrs. Sherrill filed suit for divorce they had seen her in a car with a strange man outside a motel near the City of Bowling Green. That these witnesses had so deposed in the divorce action was testified to at the present trial by the notary public who had taken the depositions, and who

read their testimony from the notes she had taken in the divorce action. This testimony was retracted at the present trial, Yarborough and Ragland testifying, in substance, that Sherrill told them that he and his wife were having a little misunderstanding and he needed them to testify that they had seen her at the motel with a strange man; that they did so testify in the course of the divorce proceedings; that their testimony in the divorce action was false, the truth being that neither of them had been at the motel at the time in question; and that they knew they had been indicted for perjury.

Sherrill was indicted for the crime of subornation of perjury on January 25, 1957, the gist of the charge being that he had persuaded Yarborough and Ragland to testify that they had seen Mrs. Sherrill at the motel when in truth neither of them had seen her at all. On September 12, 1957, the case was called for trial, but Sherrill failed to appear and the court ordered that his appearance bond be forfeited. On the following day, Sherrill's counsel filed a motion for continuance and a motion to dismiss the indictment, both of which were overruled.

In reply to Sherrill's contention that he was entitled to a continuance, the Commonwealth points out that the appellant's motion did not state that he had not had time to prepare his case, and that the cases of Caswell v. Commonwealth, 285 Ky. 394, 147 S.W.2d 1045, and Dewberry v. Commonwealth, 241 Ky. 726, 44 S.W. 2d 1076, dispose of this contention. The former case sets forth the rule that in the absence of any showing that there was not enough time to prepare the case, the court did not err in refusing a continuance. The latter case sets out the rule that there was no error in overruling a motion for continuance when the written motion was not accompanied by an affidavit as was the case here.

Sherrill also insists that the testimony of Ragland and Yarborough should have been excluded because they were confessed perjurers. KRS 421.090 provides, inter alia, that any person convicted of certain offenses, including false swearing and subornation of perjury, shall be disqualified from giving evidence in any judicial proceeding. Appellant urges that this rule be applied to persons who confess their guilt in open court before a jury in another trial, even though not yet convicted of the crime for which they have been indicted. But the case of Dial v. Commonwealth, 142 Ky. 32, 133 S.W. 976, specifically holds that until the judgment of conviction is entered, a person charged with false swearing is a competent witness in the courts of the Commonwealth. That case was approved in Bradley v. Commonwealth, 245 Ky. 101, 53 S.W.2d 215.

Other grounds urged for reversal we do not deem it necessary to discuss in detail. Suffice it to say that the evidence offered by the Commonwealth either was competent or, if incompetent, was not objected to at the trial. However, we found no evidence introduced by the Commonwealth and no comments made in argument before the jury which we consider prejudicial to Sherrill's rights to a fair trial. It might be well to point out that Yarborough and Ragland were not technically accomplices of Sherrill's in their false testimony about Mrs. Sherrill at Sherrill's request. To be accomplices in the eyes of the law it is necessary for the persons to be charged with the same offense. Here, Sherrill is charged with subornation of perjury while Yarborough and Ragland are charged with perjury, a separate and distinct offense. Bradley v. Commonwealth, 245 Ky. 101, 53 S.W.2d 215; Conn v. Commonwealth, 234 Ky. 153, 27 S.W.2d 702; Strader v. Commonwealth, 240 Ky. 559, 42 S.W.2d 736. As a consequence, the testimony of Yarborough and Ragland needed no corroboration to be competent against Sherrill.

The judgment is affirmed.