**Alfred SHERRILL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 20, 1959.

Rehearing Denied May 22, 1959.

J. Granville Clark, Russellville, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Alfred Sherrill was convicted in the Warren Circuit Court of the crime of subornation of perjury, KRS 432.180, and sentenced to serve three years in the penitentiary. The judgment was affirmed and the petition for rehearing was overruled by this Court. See Sherrill v. Commonwealth, Ky., 320 S.W.2d 805.

■ The instant action began as a proceeding in circuit court, denominated a "petition for a writ of coram nobis", and sought to have the conviction of Sherrill declared void because it is claimed he was never in truth and in fact indicted for the crime above mentioned. Although a judgment rendered in a criminal case is involved here, the remedy sought is civil in its nature; and, although CR 60.02, which became effective July 1, 1953, abolished writs of coram nobis, we will treat this proceeding, as we have cases of this kind heretofore, as a request for relief under the Rule just mentioned. See Harris v. Commonwealth, Ky., 296 S.W.2d 700.

Sherrill undertook to substantiate his contention that he was never indicted on January 25, 1957, by reliance upon the depositions of nine persons who were a part of the grand jury which rendered the indictment in controversy against him. The evidence of these ex-jurors may be boiled down to the statement that each of them had no recollection of the indictment of Sherrill. However, one member of the grand jury, Charlie T. Hays, did remember

distinctly that Sherrill was indicted on the occasion in question, and that Sherrill's wife appeared before that body as the only witness testifying against him and furnished the evidence upon which the indictment was based.

Although Richard Peete, the foreman of the grand jury on the above date, could not recall the return of any indictment against Sherrill, he did readily acknowledge his signature which was affixed as foreman to the Sherrill indictment. The county attorney, the circuit court clerk and the Commonwealth's detective stated facts in their testimony that indubitably showed the indictment under discussion was properly returned against Sherrill on January 25, 1957, and that it was regular on its face. It was brought out that approximately forty-eight indictments were reported out on the same date. Also, more than a year and a half had elapsed between the grand jury session and the date the herein witnesses gave their testimony.

 The type of evidence Sherrill introduced in an effort to invalidate the indictment was of a wholly negative character, and in our opinion does not rise to the level of positive proof. When a witness is interrogated in respect to the occurrence of an event and replies he has no recollection concerning it, his answer may not be taken to mean he is stating the event did not happen. We therefore conclude Sherrill's contention must fail because his evidence, for the reason indicated, does not establish that he was not indicted. On the other hand, the Commonwealth's proof shows beyond any doubt that a valid indictment was returned.

In the case of Miller v. Commonwealth, 241 Ky. 221, 43 S.W.2d 687, Miller undertook to offer proof that he was never indicted on the charge of which he was convicted. The lower court refused to permit him to introduce evidence to this effect. Upon an appeal, this Court upheld the ruling of the trial judge, pointing out that, since the indictment was regular in form and properly returned, it could not be impeached by the grand jurors. Section 112 of the Criminal Code of Practice was relied upon for this holding. This section reads:

"Every member of the grand jury must keep secret whatever he himself, or any other grand juror, may have said, or in what manner he, or any other grand juror, may have voted on a matter before them."

We believe the facts set forth in this proceeding are controlled in every respect as to the proposition raised by the Miller case. It follows that the lower court correctly denied Sherrill the relief he sought in this proceeding.

Wherefore, the judgment is affirmed.