BENJAMIN CLOSTERMAN *v.* COMMONWEALTH.

**Indictment for Selling Liquors to Minor—Sufficiency.**

An indictment for unlawfully selling liquors "to James McCourt, he the said James McCourt, Jr., then and there being a white person under the age of twenty-one years, and which said liquor so sold as aforesaid was * * * so sold by the said Closterman without either the written consent of the father, mother, or guardian of the said James McCourt, Jr., or either of them," .is held sufficient for the offense charged.

**Same—Idem Sonans.**

The three names used is held to mean the same "individual," by the use of the word "the said," preceeding same.

**Same— Bar to a Subsequent Prosecution.**

,Such an indictment is held to be sufficient to constitute a bar to any subsequent prosecution for the same offense.

**Same.**

Nor would the plea avail, that it did not set out the father was living, or if dead, that he was under the control of his mother or guardian.

**Indictment for Selling Liquor to a Minor—Instruction.**

In a prosecution for selling liquor to a minor, an instruction that "the accused was required by the law to know that McCourt was a minor, and that his ignorance as to his age, or the belief that he had reached the age of twenty-one years, could neither justify nor excuse the inhibited selling," was not erroneous.

**Same.**

Nor an instruction that "the sale by an agent, authorized by the accused to sell to the minor, was as much a violation of the law, as though he had made the sale himself."

APPEAL FROM KENTON CIRCUIT COURT.

December 7, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

This indictment charges that the appellant did unlawfully sell spirituous and vinous liquors, &c., "to James McCourt, he, the said

James McCourt, Jr., then and there being a white person under the age of twenty-one years, and which said liquor so sold as aforesaid was * * * so sold by the said Benjamin Closterman without * *. * either the written consent of the father, mother or guardian of the said James Court, Jr., or either of them."

It is objected that the description or identification of the minor to whom the liquor was sold is uncertain and indefinite, that he is first called James McCourt, then James McCourt, Jr., and then James Court, Jr., and that these various appellations may or may not be applied to the same person. There can be no doubt, we think, from the language of the indictment, that the three names are intended to be, and are applied to the same individual, James McCourt, who is a white minor, is the *"said"* James McCourt, Jr., to whom the liquor was sold, and is the *"said"* James Court, Jr., to whom appellant did not have the written authority to sell. The language used will admit of no other intelligible construction. Thus stated it seems to us that the offense charged is set forth with such certainty as to apprise the accused of the nature of the accusation, and to constitute a bar to any subsequent prosecution for the same offense, and no greater degree of certainty than this is or ought to be required. *Commonwealth v. Perrigo, 3rd Metcalf, 5.*

We cannot agree that the indictment is defective because it does not set out specifically, either that the father of the minor was living, or if dead, that he was under the control of his mother or guardian, and then negative directly the idea of the written consent or request of the identical person having the legal right to give the same. It is expressly alleged that the accused did not have the written consent of the father, mother or guardian of the minor, or of either of them. Construe this language as you will, and it cannot possibly be made to appear that the accused comes within either one of the three exceptions contemplated by the statute. The demurrer to the indictment was therefore properly overruled. The court did not err in instructing the jury, that the accused was required by the law to know that McCourt was not a minor, and that his ignorance as to his age, or his belief that he had reached the age of twenty-one years, could neither justify nor excuse the inhibited selling, nor in the instruction that the sale by an agent authorized by the accused to sell to the minor, was as much a violation of the law, as though he had made the sale himself.

We discover no error in the record affecting the substantial rights of the appellant. The judgment is, therefore, *affirmed.*

*Mooar,* for appellant.