## Sowder v. Commonwealth.

(Decided Dec. 6, 1935.)

WILLIAMS & DENNEY for appellant.

BAILEY P. WOOTTON, Attorney General, and WILLIAM A. SHUMATE, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

Logue Sowder has prayed an appeal from a judgment convicting him of selling intoxicating liquor to Ed Price, an habitual drunkard, and fixing his punishment at a fine of $100.

The evidence for the commonwealth is as follows: Price was a plumber, who bought one or two pints of liquor from Sowder. He was sober at the time, but other times Sowder had refused to sell him liquor. He had been drunk two or three times during the past year, but this drinking never incapacitated him for work. Over the objection of Sowder, S. F. Bowman answered "Yes" to the question, "Is the prosecuting witness, Ed

Price, in the habit of getting drunk?" On cross-examination the witness Bowman stated that Price had worked in his office building several weeks that year and during that time he had never seen him under the influence of liquor. Jim Griffin testified that Price got drunk often, and he had seen him drunk several times. Judge C. C. Carter testified that he had had Price before him five or six times in the last year for being drunk, and that Price was in the habit of getting drunk. Jones Fish testified that Price got drunk often, and was in the habit of getting drunk. C. W. Phillips, the jailer of Rockcastle county, testified that Price had been in jail four or five times in the last year for drunkenness. He employed Price for several days to work on the jail, and during that time he never appeared to be under the influence of liquor. On the other hand, Sowder testified that he sold the witness Ed Price two pints of liquor. Before he sold the liquor he required him to sign a certificate as required by law, stating that he was not addicted to liquor and had not been drunk in the last six months. Bill Clontz testified that he had been in Sowder's restaurant often and had seen him refuse to sell liquor to people who appeared to be drunk, including Ed Price. Cecil Shepard testified to the same effect.

When the court undertook to instruct the jury, the defendant asked that the instructions be put in writing. The court defined an "habitual drunkard" as follows:

"An habitual drunkard is one who has the habit of indulging in intoxicating drinks so permanently fixed, that he becomes drunk whenever the temptation is presented. The custom or habit of getting drunk; the constant indulgence of stimulants, whereby intoxication is produced; not the ordinary use, but the habitual use of intoxicants; the habit should be action [actual] and confirmed."

The court then added orally:

"In other words, gentlemen of the jury, an habitual drunkard is one who is in the habit of getting drunk."

The written definition is the one that is sometimes given, but it can hardly be said that the oral definition "An habitual drunkard is one who is in the habit of getting drunk," is altogether accurate. One might be

in the habit of getting drunk once every two years, or once every year, and yet he could hardly be called "an habitual drunkard." Whether one is an habitual drunkard or not depends largely upon the fixedness of his habit, and the frequency with which it is indulged. In Cook v. Newton, 14 Ky. Law Rep. 860, the Superior Court defined an habitual drunkard as one who "has a fixed habit of frequently getting drunk, though not oftener drunk than sober, and though sober for weeks at a time," and in our opinion there can be found no more accurate definition, or one that is more easily understood by the jury. We therefore conclude that the oral definition added by the circuit court should not have been given.

Another ground urged for reversal is that the court permitted several witnesses to testify that Price, the purchaser, was in the habit of getting drunk. In prosecutions under the statute it is proper, of course, to permit witnesses to state the facts, such as when, where, and how often they had seen the purchaser drunk, but whether or not he has a fixed habit of getting drunk frequently is the very question which the jury is called upon to decide, and is not a matter concerning which the witnesses should express their own opinions or conclusions which will necessarily vary with their attitude of mind.

We are also of the opinion that Judge C. C. Carter should not have been permitted to testify that he had had Ed Price before him five or six times during the last year for being drunk. Even a judgment of conviction of drunkenness, which does not establish a status like insanity, is not admissible in evidence against a person who was not a party, nor in privity with a party to the suit wherein it was rendered, Crabb v. Larkin, 9 Bush, 154; 34 C. J. 1050, and there is less reason for holding that the mere appearance of one before a court on the charge of drunkenness is admissible against a third party.

Another contention is that the question, whether the accused knew that Ed Price was an habitual drunkard, was not submitted to the jury. Formerly the statute prohibiting the selling, lending, giving, or furnishing intoxicating liquors to an inebriate or person who was in the habit of becoming intoxicated or drunk contained the word "knowingly," section 1307, Kentucky

Statutes, 1915, and of course it was necessary to allege and prove knowledge and submit the question to the jury, Commonwealth v. Bell, 14 Bush, 433, but the present statute, being section 2554b-65, Kentucky Statutes, Baldwin's 1934 Supplement, omits the word "knowingly," and where that is the case, a person selling or giving intoxicating liquor to an habitual drunkard does so at his peril, and cannot justify on the ground that he did not know the person to whom the liquor was furnished was an habitual drunkard. Commonwealth v. Vaughn, 101 Ky. 603, 42 S. W. 117, 19 Ky. Law Rep. 777, 45 L. R. A. 858. As said in Ulrich v. Commonwealth, 6 Bush, 400, "it is as incumbent on the vendor of liquor to know that his customer labors under no disability as it is for him to know the law, and his ignorance of neither will excuse him."

There being some evidence tending to show that the accused had the fixed habit of getting drunk frequently, it follows that the court did not err in overruling the motion for a peremptory instruction.

For the reasons given, the appeal is granted, and the judgment reversed, and cause remanded for a new trial consistent with this opinion.