## Arnett v. Commonwealth (two cases).

(Decided Dec. 6, 1935.)

H. H. RAMEY for appellant.

BAILEY P. WOOTTON, Attorney General, and WM. A. SHU-MATE, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

The grand jury of Morgan county returned two indictments against Kelly Arnett for selling liquor to an habitual drunkard. The purchaser named in indictment No. 838 was Corbett Terrill, and the purchaser named in indictment No. 839 was Walter Howard. Evidence was heard on the trial of indictment 839, and it was agreed that the evidence on the trial of indictment 838 would be the same. The accused was convicted in each case, and his punishment fixed at a fine of $100. The two cases are before us on motion for an appeal.

The facts and questions of law being the same in each case, the two cases will be considered in one opinion.

It is first insisted that all that the evidence showed was that Howard and Terrill occasionally became intoxicated, and there was no evidence tending to show that either was an habitual drunkard within the meaning of the law. It is true that Phil Donovan testified that he had known Howard for 14 or 15 years, and had seen him drunk only once or twice in the last year or two. It is also true that Custer Jones, cashier of the Morgan County National Bank, testified that he had known Howard ever since he was a baby, and had never seen him drunk. If this were all the evidence, there might be some merit in the contention. In addition to other evidence that Howard had been seen drunk several times in the past few months, he himself testified that he worked in taking up a railroad for about a month, and that during that time he and another man "were drunk about 8 or 10 times." It cannot be doubted that this evidence was sufficient to take each case to the jury and to sustain the verdict.

The court defined an habitual drunkard as "a person who is in the habit of getting drunk." In the recent case of Logue Sowder v. Commonwealth of Kentucky, 261 Ky. 610, 88 S. W. (2d) 274, we held a simi-

lar definition to be incorrect. In discussing the question we said:

"One might be in the habit of getting drunk once every two years, or once every year and yet he could hardly be called 'an habitual drunkard.' Whether one is an habitual drunkard or not depends largely upon the fixedness of his habit, and the frequency with which it is indulged. In Cook v. Newton, 14 Ky. Law Rep. 860, the Superior Court defined an habitual drunkard as one who 'has a fixed habit of frequently getting drunk, though not oftener drunk than sober, and though sober for weeks at a time,' and in our opinion there can be found no more accurate definition, or one that is more easily understood by the jury."

Another contention is that the instruction should have required the jury to believe not only that the purchaser was an habitual drunkard, but also that the accused knew of such fact. This contention was also adjudged without merit in Sowder v. Commonwealth, supra, where we pointed out that the word "knowingly" is omitted from the statute (Ky. Stats. Supp. 1934, sec. 2554b-65), and it is no longer necessary to allege and prove knowledge on the part of the accused and submit the question to the jury.

In view of another trial in each case, we deem it proper to add that we also held in the case of Sowder v. Commonwealth, supra, that witnesses should not be permitted to express their opinions or conclusions that the purchaser was in the habit of getting drunk, but should confine their evidence to such facts as when, where, and how often they had seen him drunk.

Also, in view of another trial, we deem it proper to call attention to the ruling in Sowder v. Commonwealth, supra, that, inasmuch as the accused in a prosecution for selling intoxicating liquor to an habitual drunkard is not a party to the proceeding, nor in privity with a party to the proceeding, neither a charge nor a conviction of drunkenness is admissible against him.

For the reasons given, the appeal in each case is granted, and the judgment reversed, and cause remanded for a new trial consistent with this opinion.