## STATE v HANNAWALT

Ohio Appeals, 2nd Dist, Montgomery Co

No 1479.  Decided Jan 24, 1938

Nicholas F. Nolan, Prosecuting Attorney, Dayton, and Lawrence Baver, Asst. Prosecuting Attorney, Dayton, for plaintiff-appellee.

Thomas, Hyers, Leyland & Stewart, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J.

Defendant was charged with and tried on an affidavit charging that he did encourage and contribute toward the dedelinquency and/or did act in a manner tending to cause the delinquency of a named minor under the age of eighteen years, towit, of seventeen years, in that on the date herein set forth he did have indecent and immoral relations with the said minor.

Upon trial had the court found him guilty as charged in the affidavit.

The errors assigned may be classified under two general headings (1) that the judgment of guilt against the defendant was contrary to and against the manifest weight of the evidence; (2) that the affidavit is insufficient in that it fails to state that the minor is a delinquent within the meaning of the statute and that the defendant is accused of contributing to such delinquency.  It will be noted that the affidavit charges not only the offense of contributing to the delinquency of the minor, but also of acting in a manner tending to contribute to the delinquency of the minor under the age of eighteen.  By reason of the judgment in **Fisher v State, 84 Oh St 360**, the facts adduced by the State would not support a finding of guilt against the defendant of the offense of contributing to the delinquency of the minor because

they will not support a determination that the minor was a delinquent under the statute. We hereafter discuss the question of the guilt of the defendant of contributing to the delinquency of the minor under his own testimony.

If the affidavit states an offense, there is no doubt that the trial court properly resolved it against defendant's plea of not guilty and supported the judgment of guilty of the offense of acting in a manner tending to contribute to the delinquency of the minor.

The amendment to the section of the statute, §1654 GC followed the discussion in the opinion in the case of Fisher v State, supra. At page 366.

"This defendant might have committed the numerous acts **that would tend to contribute to her delinquency**, yet if these facts failed in their purpose, he would not be guilty of an offense within the prohibition of **§1654 GC.**"

Thus the court expressly recognized that acts might tend to contribute to delinquency though they would not constitute the offense of contributing to the delinquency. To meet this inadequacy and omission in the law as it existed, the amendment was written into the section. We do not consider it an element of the offense of acting in a manner tending to contribute to the delinquency of a minor that it also appear that the minor was a delinquent.

There is little difficulty in interpreting the facts in the case. By the testimony of the prosecuting witness corroborated in particulars, it appears that the defendant had sexual intercourse with her forcibly and against her will. The defendant admits the act of intercourse, but asserts that it was by and with the consent of the prosecuting witness, and further that the defendant had no knowledge that she was under the age of eighteen, but on the contrary had told him that she was of the age of nineteen, and in writing had stated her age as eighteen to two of her former employers. It is undisputed that the prosecuting witness did falsely give her age in two written applications for employment which she explains was made necessary by her knowledge of the fact that she would not be employed if she did not make it appear that she was over the age of eighteen.

It was claimed in the trial court, though not urged here, that intent to commit the offense charged was essential and that it did not appear inasmuch as the defendant had reason to believe and did believe that the prosecuting witness was of the age of eighteen years or over. Intent is not an essential element of this offense and the lack of knowledge of the minor's age is no defense. **Zent v State, 3 Oh Ap 473.** We have heretofore stated that upon testimony of the State's witnesses and upon the theory of the trial court that the acts of the defendant constituted rape and that the prosecuting witness was assaulted and against her will was forced to submit to the defendant, he could not have been found guilty of contributing to her delinquency unless as a matter of fact she thereby became delinquent or an already existing delinquency was added to or increased.

But it must be noted that the defendant by his own testimony admits the sexual intercourse with the prosecuting witness who was a minor at the time. One who is guilty of immoral conduct is a delinquent child under §1644 GC. Certainly the prosecuting witness could not be charged as a delinquent child if she was raped, but if, as the defendant testifies, she consented to the sexual intercourse, this was an act of immoral conduct, so that the defendant by his own admissions was guilty of the offense of contributing to the delinquency of the minor.

It is also urged that the acts of the defendant if committed against the will of the minor could not have tended to contribute to her delinquency. We are satisfied that the facts were such that the trial court could properly have resolved them as tending to contribute to the delinquency. However innocent a young woman may be, if she is subjected by force and violence to submit to sexual intercourse a natural and probable result of this abuse and humiliation may be to cause her to lose her self respect. The record discloses a situation which might have so resulted. The prosecuting witness, because of the continued reference to the unfortunate affair in which she was involved, quit her employment. The publicity resulting because of the misfortune to which she was subjected may have the tendency to take away from her that moral stamina which otherwise she would have maintained.

The final question is whether or not the

affidavit is defective in that it does not charge the particular man-ner in which the act of the defendant tended to contribute to the delinquency of the minor. It charges that the defendant did have indecent and immoral relations with the said Madeline Barnett. Immoral conduct is an act of delinquency by the statute.

The enforcement of the Juvenile Act relating as it does to minors contemplates that nothing shall be done which will have the tendency to mark them as criminal offenders. It is probable that if this affidavit is controlled by the rules of criminal procedure the defendant would have been entitled to a bill of particulars had demand been seasonably made, setting forth the specific act which it was asserted constituted the indecent and immoral relations.

Under the evidence adduced by the State the defendant could properly have been found guilty of the offense of acting in a manner tending to contribute to the delinquency of the minor. Upon the defendant's own testimony he was guilty of the offense of contributing to the delinquency of the minor.

The Court therefore committed no prejudicial error and the judgment will be affirmed.

BARNES, PJ and GEIGER, J, concurring.