## Patton v. Commonwealth.

(Decided April 26, 1938.)

J. C. BURNETTE for appellant.

HUBERT MEREDITH, Attorney General, and WM. F. NEILL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

Fred Patton prays an appeal from a judgment convicting him on the 21st day of July, 1937, in the Knott circuit court of selling intoxicating liquor to Bryan Slone, an habitual drunkard, and the jury fixed his (Patton's) fine at $100.

The main contention is that the court committed a prejudicial error in the instructions given to the jury.

The failure of the court to give an instruction defining habitual drunkenness as used in the statute was a prejudicial error. The proof heard was very meager. The instruction given by the court and objected and excepted to at the time was as follows:

> "If the jury believe from the evidence in this case, that within twelve (12) months before the finding of the indictment, the defendant herein,

Fred Patton, sold to Bryan Slone intoxicating liquor, he, the said Bryan Slone, at the time being a man who was in the habit of getting drunk, you will find him guilty and fix his fine at a sum not less than one hundred ($100.00) dollars nor more than two hundred fifty ($250.00) dollars in your discretion.

"Unless you believe he has been proven guilty beyond a reasonable doubt you will find him not guilty, the law presumes the defendant to be innocent until proven guilty beyond such doubt."

It will be noted that the instruction complained of contains the following phrase:

"* * * The said Bryan Slone at the time being a man who was in the habit of getting drunk. * * *"

In the case of Sowder v. Commonwealth, 261 Ky. 610, 88 S. W. (2d) 274, a similar instruction to the one given here was discussed by the court and condemned. In that case the following instruction was approved, defining an habitual drunkard as one who "has a fixed habit of frequently getting drunk, though not oftener drunk than sober, and though sober for weeks at a time." See, also, Cook v. Newton, 14 Ky. Law Rep. 860, Superior Court Dec. The reason and logic as the basis of such a definition are set out fully in the above cases, supra.

A brief summary of the proof is as follows: Bryan Slone stated that within 12 months before the finding of the indictment he purchased one pint of liquor from the defendant, and that he had been drunk several different times within 6 months. The sheriff of the county, Henry Sturgill, was asked the question whether or not for the period of 6 months Bryan Slone had the reputation of being an habitual drunkard. In answer he said that Slone drank whisky, but he did not know what an habitual drunkard was. He did state, however, that Slone was in the habit of getting drunk or intoxicated often. Ballard Slone said that Bryan Slone was in the habit of getting drunk or intoxicated often. No further proof was heard. Grounded upon that proof alone, the instructions objected to by counsel for defendant was given. On the authority of Sowder v. Com., supra; Arnett v. Commonwealth, 261 Ky. 607, 88

S. W. (2d) 276; Cook v. Newton, supra, the failure to give an instruction defining an habitual drunkard was pronounced as prejudicial to the substantial rights of the defendant. Section 340, Criminal Code of Practice.

Wherefore, the appeal is granted and the judgment reversed and cause remanded for a new trial consistent with this opinion.