CRIST, Guardian, and others, Plaintiffs, vs. KILTZ and others, Defendants and Respondents: MEYER and another, Plaintiffs and Appellants.

*October 10—November 7, 1939.*

*H. A. Schmidt* of Lake Mills, for the appellants.

For the respondents there was a brief by *Schultz & Slechta* of Jefferson, and oral argument by *J. M. Slechta.*

FOWLER, J. Action was brought by the minor daughter and parents of Viola Steinel under sec. 176.35, Stats., to re-

cover damages for her death. The deceased is alleged to have been an habitual drunkard and a posted person. The defendants were licensed tavern keepers, and notice not to sell intoxicating liquor to her had been given by the public officials authorized to give such notice. In common parlance the giving of such notice is a posting, and the person named in the notice is a posted person. The complaint alleges that the defendants sold intoxicating liquors to Viola, that such sales caused her to become intoxicated, and that by reason of her intoxication she was unwittingly walking in the nighttime upon a highway in the right lane of traffic instead of on the left lane facing oncoming traffic as sec. 85.44 (6), Stats., requires a pedestrian to walk, and was struck by an automobile approaching from her rear and killed.

The case was tried to a jury, and the court at the close of the plaintiffs' testimony granted a nonsuit because no evidence was adduced that the defendants knew Viola, and therefore did not "knowingly" sell intoxicating liquor to a posted person. It is stipulated that the defendants did not know Viola, and that the evidence was sufficient to take the case to the jury but for want of such knowledge on the part of the defendants.

Under the stipulation stated, the statute cited confessedly gives right of action to the plaintiffs against the defendants unless the predicative provision thereof, "shall *knowingly* sell or give away intoxicating liquors," exempts the defendants from liability because of their lack of knowledge of Viola's identity.

In view of the word "knowingly," in the clause above quoted, the language of the statute, taking it at its face value, declares that in order to impose "liability for" damages the seller must "knowingly sell" or give away the liquor to the posted person, and the seller or giver cannot knowingly sell or give intoxicating liquor to a posted person unless he knows the person to whom he sells or gives it. The sellers

must of course be held to have known that Viola was a posted person, but if they did not know her, they did not know that she was the person they were selling to, and thus did not "knowingly sell" to a posted person.

Counsel for plaintiffs contends that the statute harks back to the Graham Law, sec. 6, ch. 127, Laws of 1872, that knowledge of the identity of the person to whom liquor was sold was not necessary to impose liability under that law, and that consequently such knowledge is not necessary to impose liability under the present law. The premises are conceded, but the conclusion does not follow. Under that law two cases were decided, *Wightman v. Devere,* 33 Wis. 570, and *Peterson v. Knoble,* 35 Wis. 80, which held that the statute gave a right of action to persons "injured in person, property or means of support by an intoxicated person or in consequence of the intoxication of any person" against any person who by selling liquor to the intoxicated person "in whole or in part" caused his intoxication. The word "knowingly" was not in the original statute. The court in the cases above cited held that the legislature could impose such consequences as it saw fit upon persons selling intoxicating liquor, and that the Graham Law by its terms imposed absolute and unconditional liability. Under this holding want of knowledge of the identity of the person to whom the liquor was sold was no defense, but this holding has no application to the statute in its present form which contains the word "knowingly." This drastic statute, however, had short shrift. It was amended two years later by sec. 16, ch. 179, Laws of 1874, which limited the liability imposed by it to sales to minors and habitual drunkards, and imposed as condition of liability in case of sales to such persons that the seller should have been given notice not to sell intoxicating liquor to them, and further provided as condition of such liability that the seller should "knowingly" sell the intoxicating liquor. This statute appears in R. S. 1878 as sec. 1560, and remained in

R. S. 1889 and 1898 without change here material. It so appears in the statutes of 1911 to 1919, but was repealed in the days of the Eighteenth amendment to the constitution of the United States by sec. 6, ch. 441, Laws of 1921. On repeal of the Eighteenth amendment it was re-enacted by ch. 13, Laws of Sp. Sess. 1933, as sec. 176.35, Stats., substantially as it stood in the statutes of 1919. No cases appear to have come before this court under the statute since the amendment of 1874. In *Smithers v. Brunkhorst,* 178 Wis. 530, 190 N. W. 349, a like action was involved but it was brought under a federal act, and as under that act the sale of intoxicating liquors to everybody was prohibited, want of knowledge of the identity of the person to whom the liquor was sold was immaterial. *Demge v. Feierstein,* 222 Wis. 199, 268 N. W. 210, was an action to recover damages under the death-by-wrongful-act statute wherein the deceased was killed while driving an automobile when intoxicated, and damages for his death were claimed against the seller, but the deceased was not a posted person, and the instant statute was not involved. The case is pointless here except as to its implication that one seeking recovery under sec. 176.35, Stats., must come within its conditions, and one of its conditions is that the defendant must "knowingly sell or give away" the liquor to the posted person.

Counsel for appellants argues that the words of the statute "shall knowingly sell or give away intoxicating liquors" refer only to knowing that the liquor sold or given away is intoxicating, because it does not expressly include the phrase "to such person." But sale to anyone else would be entirely beside the statute. Sale to anyone but a posted person would not impose liability under the statute, so that sale to the posted person must necessarily be within the statute's contemplation.

To clarify what is next stated, and in support of what is above stated, as to the history, contents, and meaning of

sec. 176.35, Stats., and the 1872 and 1874 statutes, they are set out in full in the margin.[1]

Counsel for appellants points out that the original statute amending the Graham Law, sec. 16, ch. 179, Laws of 1874, contained the word "or" next before the words "shall knowingly sell." The word "or" is dropped from the statute in R. S. 1878. Counsel contends that the meaning of the statute was not changed by the revision of 1878. That is quite true. The omission does not at all change the meaning. It only clarifies it. The statute amended manifestly was intended to give a right of action against a liquor seller who had been given the prescribed notice "and who notwithstanding such notice and request or shall (should) knowingly sell," etc. Ch. 179, Laws of 1874, as introduced, was entitled "To consolidate and codify the various laws of our state relating to excise and the sale of intoxicating liquor."

---

[1] 176.35 *Action for injury by unlawful sale.* Any person or persons who shall be injured in person, property, or means of support by, or in consequence of, the intoxication of any minor or habitual drunkard shall have a right of action jointly or severally in his, her, or their name against any person or persons who have been notified or requested in writing, by the officers authorized by law to forbid the sale or giving away of intoxicating liquors to such minor or habitual drunkard, or by the husband, wife, parents, relatives, guardian, or persons having the care or custody of such minor or habitual drunkard, not to sell or give intoxicating liquors to him, and who, notwithstanding such notice or request, shall knowingly sell or give away intoxicating liquors, thereby causing the intoxication of such minor or drunkard; and the person so selling or giving away such liquors or drinks shall be liable for all damages resulting therefrom. A married woman shall have the same right to bring such suit and to control the same as a *feme sole,* and all damages so recovered shall belong to her and her separate property.

Sec. 6, ch. 127, Laws of 1872. Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support, by any intoxicated person, or in consequence of the intoxication of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving away intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons, and any person who shall have caused such intoxication, as aforesaid, shall be liable for all damages sustained, and

Sec. 16 in the bill as introduced was materially different from the 1872 statute in that it applied only to minors and habitual drunkards. The original 1874 bill is written in ink in longhand. A scribbled note on a small scrap of paper in the bill file written in ink reads: "Amend by adding . . . after the word *request* the words 'or knowingly' with the word 'shall' interlined in pencil between 'or' and 'knowingly.' " On the margin of the note the words "concurred in" are written in pencil. The original bill has the. word "shall" scratched out by a line in pencil and the words "or shall knowingly" interlined in place of "shall." The printed bill is in the same condition, the printed word "shall" being scratched out by pencil and the words "or shall knowingly" interlined in pencil in place of the scratched word. From this it is manifest that the word "or" in the 1874 statute is entirely meaningless. If

for exemplary damages; and a married woman shall have the same right to bring suits and to control the same as a *feme sole,* and all damages recovered by a minor under this act, shall be paid either to such minor or to his or her parent, guardian or next friend, as the court shall direct, and the unlawful sale or giving away of intoxicating liquors shall work a forfeiture of all rights of the lessee or tenant under any lease or contract of rent upon premises when [where] such unlawful sale or giving away shall take place, and all suits for damages under this act may be by any appropriate action in any of the courts of this state having competent jurisdiction.

Sec. 16, ch. 179, Laws of 1874. Any person or persons, who shall be injured in person, property or means of support by or in consequence of the intoxication of any minor or habitual drunkard, shall have a right of action severally or jointly in his, her or their name against any person or persons who have been notified or requested in writing by the authorities designated in section 10 of this act, the husband, wife, parents, relatives, guardians or persons having the care or custody of such minor or habitual drunkard, not to part with liquor or other intoxicating drinks to them, and who, notwithstanding such notice and request, *or* shall knowingly sell or give away intoxicating liquors, thereby causing the intoxication of such minor or drunkard, and shall be liable for all damages resulting therefrom. A married woman shall have the same right to bring suit and to control the same as a *feme sole,* and all damages recoverable by a minor under this act shall be paid either to such minor or to his or her parents, guardian or next friend, as the court shall direct, and all suits for damages may be by any appropriate action in any of the courts of this state, having competent jurisdiction.

the word "or" were given its ordinary effect it would leave the part of the section before it without a predicate and the part after without a subject. It is manifest that this word was inserted through the carelessness of the member proposing the amendment to sec. 16 of the bill, and the carelessness of the other members in not noticing his carelessness. The word was omitted in the revision of 1878 to make clear the only meaning that could possibly have been intended.

Counsel for appellants argues that his contention as to the construction of the statute is supported by the case of *Keyser v. Damron* (1914), 159 Ky. 444, 167 S. W. 381. On first blush it would so seem. However, we are not bound by the construction given by the Kentucky court to a statute of Kentucky, especially when it is contrary to sound reason, as the decision above cited seems to us to be. Besides, the decision above referred to is contrary to the rulings of the same court in *Commonwealth v. Bell* (1879), 14 Bush (Ky.), 433, and *Sowder v. Commonwealth* (1935), 261 Ky. 610, 613, 88 S. W. (2d) 274. The *Bell Case* involved a statute that provided a penalty for "knowingly" selling intoxicating liquor to an inebriate. It was held that knowledge of inebriacy was an essential element of the offense and must be established by proof in order to sustain a conviction. When the *Keyser Case* was decided the word "knowingly" was in the statute there involved. The word "knowingly" had been stricken from that statute by amendment when the *Sowder Case* was decided, and it is said in the latter, in reference to that statute, that when the word "knowingly" was in the statute "of course it was necessary to allege and prove knowledge and submit the question to the jury." It is said in the *Sowder Case* that it was held in *Ulrich v. Commonwealth* (1869), 6 Bush (Ky.), 400, that "it is . . . incumbent on the vendor of [intoxicating] liquor to know that his customer labors under no disability," but that was said in reference to a statute not containing the word "knowingly" which

prohibited sales to minors except when consented to by the parents. The statute referred to was like sec. 176.30 (1), Stats., which does not contain the word "knowingly" under which proof of knowledge of minority is not necessary. *State v. Hartfiel,* 24 Wis. 60.

*By the Court.*—The judgment of the circuit court is affirmed.

FRITZ, J., dissents.