## Duncan v. Commonwealth.

Jan. 23, 1942.

Leonard S. Stephens for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Joe Duncan, was indicted, tried and convicted and fined $100 in the McCreary circuit court for violating the provisions of classification (1) in section 2554b-181 of Baldwin's 1939 Supplement to Carroll's Kentucky Statutes by selling alcoholic beverages to Herbert Perry, a minor near eighteen years of age. He has filed the record in this court with a motion for an appeal which is now sustained. Defendant and appellant admitted the sale but defended on the ground that at the time he made it he in good faith believed that the infant purchaser was an adult, which belief was supported by his size and weight and a statement made by the infant to defendant that the former was twenty-one years of age. No evidence of physical appearances calculated to deceive defendant was introduced, except that the infant was about six feet tall and weighed one hundred fifty-eight pounds; but there was no other physical indication that the purchaser was older than he actually was.

The court declined to instruct the jury that any such alleged deceiving of appellant excused his act of making the sale as denounced by our Statutes, supra. It positively prohibits sales of such beverage to four different classes of purchasers: (1) A minor; (2) a person who is intoxicated, or under the influence of liquor at the time of the sale; (3) an habitual drunkard, and (4) anyone known to the seller to have been convicted of a felony or any misdemeanor attributable to the use of intoxicating liquors. It will be perceived that the only inhibition requiring *knowledge* on the part of the violator of the statute is the fourth class of purchasers and the fact that the legislature withheld the requirement of *knowledge* on the part of the seller in the first three prohibited sales, and incorporated it in the fourth one clearly indicates that it did not intend that knowledge on the part of the violator should be an element in sales to any of the first three classes of purchasers to whom sales of such beverage was prohibited.

It would appear to be scarcely necessary to say that crimes are divided into two classes, i. e., malum prohibitum and malum in se, the offense here being one of the first class. In the text in 14 Am. Jur. 784, Section 24, the distinction between the two classes of offenses is clearly pointed out, and it is stated that criminal intent is not a necessary element of offenses "which are merely malum prohibitum, or of prohibitive statutes which cover misdemeanors in aid of the police power, where no provision is made as to intention. * * * In other words it is immaterial that the defendant acted in good faith or did not know that he was violating the law." The case of Ulrich v. Commonwealth, 6 Bush 400, was one involving the same offense with which appellant is charged. The same defense was interposed in that case, i. e., absence of knowledge of the infancy of the purchaser and bona fide action on the part of the seller; but this court repudiated any such defense and said: "It is as incumbent on the vendor of liquor to know that his customer labors under no disability as it is for him to know the law, and his ignorance of neither will excuse him."

Likewise, in the case of Closterman v. Commonwealth, 4 Ky. Op. 85, this court had before it a case arising under the same kind of statute and involving a prohibited sale of liquor to a minor without the written permission of its parent or guardian. The same contention was made by the defendant in that case as is made by appellant here, which the trial court not only overruled, but instructed the jury "that the accused was required by the law to know that McCourt [infant purchaser] was not (erroneously inserted) a minor, and that his [accused] ignorance as to his (purchaser's) age, or his belief that he had reached the age of twenty-one years, could neither justify nor excuse the inhibited selling," and this court held that in giving that instruction the trial court did not err.

That intent and knowledge are neither elements of strictly malum prohibitum offenses or misdemeanors, in the absence of an expressed legislative intent to the contrary, is also shown by the court's opinion in the case of People v. Sybisloo, 216 Mich. 1, 184 N. W. 410, 411, 19 A. L. R. 133. In that opinion cases from other states and jurisdictions are cited to the effect that "An act malum prohibitum is not excused by ignorance, or a mistake of fact when a specific act is made by law indictable, irre-

spective of the defendant's motive or intent. * * * The general rule that the criminal intention is the essence of the crime does not apply to such prohibited acts.'' This court in the later cases of Arnett v. Commonwealth, 261 Ky. 607, 88 S. W. (2d) 276, and Sowder v. Commonwealth, 261 Ky. 610, 88 S. W. (2d) 274, adopted the same interpretation.

The Sowder case involved the sale of liquor to an habitual drunkard, which is embraced in classification (3) supra of our Statutes. An absence of knowledge of such condition was interposed by the defendant, but our statute not requiring knowledge on the part of the seller the interposed defense was disallowed, and in doing so we referred to the Ulrich case, supra, and inserted an excerpt from that opinion. Also other cases are referred to in the Sowder opinion. The same holding was made in the Arnett case. It, therefore, appears that the question is thoroughly settled, at least in this jurisdiction, that the statute here alleged to have been violated by its terms completes the offense from the mere doing of the inhibited act irrespective of intent or knowledge on the part of the violator. It may be true that courts in some jurisdictions might have taken a different view, and cases are cited wherein *it is claimed* the courts so determined, although (as insisted) the violated statute said nothing about knowledge or intent on the part of the violator. We have examined the majority of those cases and find that the statute involved required a ''knowingly'' violation of the statute, and which clearly justified the conclusion reached by those courts. But, however that may be (as to conclusions of foreign courts) the domestic cases we have cited clearly manifest this court's interpretation of such statutes, and which is in accord with the well established principles of the criminal law— that strictly malum prohibitum offenses created under the exercise of the police power do not require intent and purpose on the part of the accused violator to disregard them, unless the statute should so require.

But counsel for appellant says that ''means of transportation and crowding of communities have changed greatly since 1869 (date of the Ulrich opinion). Now it is almost impossible to know one's neighbor and it is more difficult to guess the age of people because of modern fads and diets.'' If, however, the advanced considerations could be accepted by us as altering the rule an-

nounced in the Ulrich opinion, we are yet confronted with the two late opinions (Arnett and Sowder) appearing in 261 Ky. and 88 S. W. (2d) on the pages cited supra. Also, we have observed no change in the rule for interpreting such statutes on account of what counsel appear to believe as persuasive alteration in society, and which courts appear to have overlooked or ignored.

It, therefore, follows that we find no error in the judgment, and it is affirmed.