THE STATE OF OHIO, APPELLEE, *v.* DAVIS, APPELLANT.

(No. 22664—Decided March 9, 1953.)

*Mr. Frank T. Cullitan,* prosecuting attorney, and *Mr. Dennis McGuire,* for appellee.

*Mr. Dan W. Duffy, Mr. Bernard Friedman* and *Mr. A. L. Kearns,* for appellant.

HURD, P. J. The defendant, Thomas J. Davis, appealed from a judgment of the Juvenile Court rendered on a verdict finding him guilty of contributing to the delinquency of a minor, in violation of Section 1639-45, General Code.

The affidavit, in substance, charges that the defendant, an adult person, on May 26, 1952, and on numerous occasions prior thereto, did aid, abet, induce, cause, encourage and contribute toward the delinquency of Richard Sipos, a minor, 17 years of age, by causing him to have in his possession, custody and control, unlawfully, certain clearinghouse slips, and did receive from Richard Sipos certain clearinghouse slips used and intended to be used in a lottery, "policy" or scheme of chance, sometimes called clearinghouse, contrary to law.

The record shows that defendant and one John Sipos, of Lorain, Ohio, the father of the minor, were both engaged in policy or clearinghouse operations. In carrying on these unlawful operations they first used Raymond Sipos, the adult son of John Sipos, as a messenger to carry clearinghouse slips from Sipos at Lorain to Davis in Cleveland. On March 4, 1952, Raymond, the adult son, discontinued the delivery of the slips and for three or four days thereafter Sipos, the father, delivered them, after which he commenced to use his 17-year-old son, Richard, in making daily deliveries thereof to Cleveland by use of the father's automobile. The operation was carried on with great secrecy. Sipos first took his son Richard to a garage building at 1200 East 105 street in Cleveland, which was under lease to defendant, and showed him how and where to deliver the clearinghouse slips.

On May 26, 1952, the minor was apprehended by Cleveland police officers about a block away from the place of delivery. They searched the automobile and found therein a bag containing clearinghouse slips indicating $586.86 worth of business. The minor was taken into custody and on June 20, 1952, was adjudicated a delinquent in the Juvenile Court of Cuyahoga County. The father, John Sipos, was thereafter convicted in Lorain county of contributing to the delinquency of his minor son, and was sentenced to the house of correction in Lucas county, Ohio.

The theory of the state in this prosecution is that a conspiracy existed between defendant, Davis, and Sipos, Sr., to engage in clearinghouse operations in violation of law; that in the furtherance of the common design and purpose of the conspirators, the minor was used as a messenger and runner; and that proof of the existence of the conspiracy was merely incidental to proof of the crime charged.

Defendant assigns error as follows:

1. That there is no evidence of conspiracy between defendant and Sipos.

2. Error in the charge on the law of conspiracy.

3. Error in the admission of evidence.

4. Defendant did not have knowledge that Richard Sipos was a minor.

5. Misconduct on the part of the prosectuting attorney.

6. The defendant did not have a fair trial.

In our opinion, there is ample evidence in the record showing that a conspiracy existed between defendant and John Sipos to engage in the business of ''policy'' or clearinghouse. This being true, the court did not err in charging on this subject, nor do we find error in the charge. We find also that there was evidence in the record, properly admitted, showing that defendant

knew Richard Sipos was used to further the conspiracy between the parties by delivering the clearinghouse slips.

It is fundamental that once a conspiracy has been established, the acts of one of the conspirators toward the accomplishment of the unlawful purpose are the acts of all and are, therefore, imputable to all. *Clawson* v. *State,* 14 Ohio St., 234; *Goins* v. *State,* 46 Ohio St., 457, 21 N. E., 476; *Seville* v. *State,* 49 Ohio St., 117, 30 N. E., 621, 15 L. R. A., 516; *State* v. *Doty,* 94 Ohio St., 258, 113 N. E., 811; *Patterson* v. *State,* 96 Ohio St., 90, 117 N. E., 169, L. R. A., 1918A, 583; *Curtis* v. *State,* 113 Ohio St., 187, 148 N. E., 834; *Richards* v. *State,* 43 Ohio App., 212, 183 N. E., 36.

Whether Davis knew that Richard Sipos was a minor is immaterial, because, upon the evidence disclosed by the record, he is charged with such knowledge.

In certain types of cases, ignorance of fact, like ignorance of law, is no excuse. Such is the instant case. The statute defining the crime of contributing to the delinquency of a minor does not permit ignorance of minority as a defense. In such cases one deals with a minor at his peril. The numbers, or policy racket is a hazardous business at best. One who engages in it, in conspiracy with another, under the circumstances here shown where a runner is used, is bound to have in contemplation the fact that the runner may be a minor. Ignorance of the fact will be of no avail as a defense. *State* v. *Kelly,* 54 Ohio St., 166, 43 N. E., 163; *Zent* v. *State,* 3 Ohio App., 473; *White* v. *State,* 44 Ohio App., 331, 185 N. E., 64; *State* v. *Hannawalt* (Ohio App.), 26 Ohio Law Abs., 641; *State* v. *Kominis,* 73 Ohio App., 204, 55 N. E. (2d), 344.

Defendant's complaint that there was misconduct on the part of the prosecutor is based on the charge that the court permitted him to cross-examine John Sipos, a state's witness, with respect to a statement

made previously by him to the police, which statement is inconsistent with his testimony. Although we think the claim of the prosecutor that he was taken by surprise could have been more definitely stated, and the request for permission to cross-examine more clearly expressed, yet there was no misconduct.

The witness having been convicted of contributing to the delinquency of his own minor son and having been charged with being a conspirator, was not friendly to the state, and his obvious reluctance to testify is indicated by his admission of contradictory statements. In view of the circumstances of the case and the antagonistic attitude of the witness, the state was entitled to adduce this testimony. See *Hurley* v. *State*, 46 Ohio St., 320, 21 N. E., 645, 4 L. R. A., 161.

Defendant also claims error because the statement of the witness made in the presence of the police, typed by them but unsigned by the witness, was not introduced in evidence. The record shows that defense counsel objected to the introduction of the statement and that the objection was sustained by the court. Defendant may not now complain of this. There was no prejudicial error in this respect.

Upon a review of the entire case, we conclude that under the provisions of Section 13449-5, General Code, this court may not reverse and remand for a new trial because it does not affirmatively appear in the record that the accused was prejudiced by any action of which complaint is made, and because it appears upon the face of the record that substantial justice has been done.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*

KOVACHY and SKEEL, JJ., concur.